[No. S105781. July 31, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR RODRIGUEZ·MONTES, Defendant and Appellant.

## COUNSEL

Richard A. Levy, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Jo Graves, Assistant Attorney General, Carlos A. Martinez, Mathew Chan and Charles V. Fennessey, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MORENO, J.**—Penal Code section 186.22, subdivision (b)(5) (section 186.22(b)(5)) provides that a defendant who commits "a felony punishable by imprisonment in the state prison for life" for the benefit of a criminal street gang "shall not be paroled until a minimum of 15 calendar years have been served." We granted review to determine whether this provision applies (a) if the defendant commits a felony which, together with the Penal Code section 12022.53, subdivision (d) (section 12022.53(d)) enhancement results in a life term, or (b) only if the defendant commits a felony that, by its own terms, provides for a life sentence.

■ For the reasons stated below, we conclude that section 186.22(b)(5) applies only where the felony by its own terms provides for a life sentence.

### PROCEEDINGS BELOW

On March 8, 2000, defendant shot a rival gang member several times, inflicting serious injuries requiring surgery. Following a court trial, defendant was convicted of attempted murder. (Pen. Code, §§ 664, 187.)[1] The court also found true that defendant intentionally discharged a firearm while committing

---

[1] All further statutory references are to the Penal Code.

the offense (§§ 12022.5, 12022.53, subds. (b), (c)), inflicted great bodily injury (§§ 12022.7, 12022.53(d)), participated in a criminal street gang (§ 186.22, subd. (a)), and acted for the benefit of that gang (§ 186.22, subd. (b)(1)). The trial court sentenced defendant as follows: the midterm of seven years for attempted murder (§§ 664, 187),[2] plus a consecutive term of 10 years for the criminal street gang enhancement (§ 186.22, subd. (b)(1)(C)), plus a consecutive term of 25 years to life for the firearm enhancement (§ 12022.53(d)).

The Court of Appeal, however, held that the trial court erred in imposing the 10-year enhancement under section 186.22, subdivision (b)(1) (hereafter section 186.22(b)(1)) and modified the judgment. It struck the section 186.22(b)(1) enhancement and instead imposed the 15-year minimum parole eligibility date mandated by section 186.22(b)(5),[3] which applies when a defendant is convicted of "a felony punishable by imprisonment in the state prison for life," and provides that the defendant "shall not be paroled until a minimum of 15 calendar years have been served." The Court of Appeal reasoned that attempted murder was "a felony punishable by imprisonment . . . for life," within the meaning of section 186.22(b)(5) because the underlying felony of attempted murder and the section 12022.53(d) firearm enhancement *together* resulted in a life term. The Court of Appeal affirmed the judgment as modified and directed the trial court to prepare an amended abstract of judgment that reflected the modifications.

The Attorney General disagrees. He argues that section 186.22(b)(5) applies only where the underlying felony itself provides for a life sentence, ruling out any enhancement not included in the definition of the underlying felony. Under this view, the trial court correctly computed defendant's sentence. For the reasons stated below, we agree and reverse the Court of Appeal's modification of judgment.

---

[2] The Court of Appeal and the parties refer to defendant's conviction as one of "attempted second degree murder." This terminology is erroneous. ■ In *People v. Bright* (1996) 12 Cal.4th 652, 665–669 [49 Cal.Rptr.2d 732, 909 P.2d 1354], we held that attempted murder is not divided into degrees. Instead, we stated that "an attempt to commit murder that is 'willful, deliberate, and premeditated' does not establish a greater degree of attempted murder but, rather, sets forth a penalty provision prescribing an increased sentence (a greater base term) to be imposed upon a defendant's conviction of attempted murder when the additional specified circumstances are found true by the trier of fact." (*Id.* at p. 669, fn. omitted.)

[3] In *People v. Jefferson* (1999) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441], we held that section 186.22(b)(5) is properly characterized as an alternate penalty provision.

## DISCUSSION

### A. *The STEP Act*

Penal Code section 186.22(b)(5) is a provision that was added to the California Street Terrorism Enforcement and Prevention Act (STEP Act). (§ 186.20 et seq.) The impetus behind the STEP Act, which was enacted in 1988, was the Legislature's recognition that "California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods. These activities, both individually and collectively, present a clear and present danger to the public order and safety and are not constitutionally protected." (§ 186.21.) The STEP Act's express purpose is "to seek the eradication of criminal activity by street gangs . . . ." (*Ibid.*)

On March 7, 2000, the California electorate passed Proposition 21, which amended the STEP Act. As is relevant here, section 186.22(b)(1) now provides that, "Except as provided by paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of . . . any criminal street gang, with the specific intent to promote, further or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony . . . , be punished as follows: [¶] (A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] (B) If the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. [¶] (C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."

Additionally, Proposition 21 renumbered section 186.22, former subdivision (b)(4) as section 186.22(b)(5). Its substantive language was unchanged. Section 186.22(b)(5) provides: "Except as provided in paragraph (4), any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served."

### B. *Court of Appeal Opinion*

The Court of Appeal first noted that a defendant is subject to the section 186.22(b)(5) alternate penalty provision when a court "imposes a life term on a felony committed for the gang's benefit." "This raises the question," stated the Court of Appeal, "whether the phrase 'felony punishable by imprisonment in the state prison for life' in section 186.22(b)(5) means the underlying

felony in the abstract or the felony actually committed, including conduct that results in enhanced punishment."

The Court of Appeal believed that because the "Legislature did not specify that the felony be punishable by a 'base term' of imprisonment in the state prison for life, nor did it expressly include felonies punishable by life imprisonment as the result of an enhancement," the phrase "felony punishable by imprisonment in the state prison for life" was ambiguous. As such, "courts must construe the ambiguity in favor of the defendant, giving him the benefit of every reasonable doubt as to the true interpretation of words or the construction of the statute. [Citations.] This 'rule of lenity' is an appropriate 'tiebreaker' where there are equally plausible interpretations of law. [Citation.]"[4] The Court of Appeal, because it found "no logical reason why a felony punishable by life imprisonment as a result of an enhancement should be treated differently [than a felony punishable by a 'base term' of imprisonment for life]," struck the section 186.22(b)(1) enhancement and instead imposed the 15-year minimum eligible parole date of section 186.22(b)(5). We disagree.

## C. *Analysis*

As stated earlier, the STEP Act was enacted in 1988. At that time, the language that now appears in section 186.22(b)(5) was contained in section 186.22, subdivision (b)(3).[5] While current section 186.22(b)(5) has been renumbered several times since 1988, the section's substantive language has remained the same since 1988, through the voters' passage of Proposition 21.[6] ■ Where a voter initiative contains a provision that is identical to a

---

[4] In *People v. Avery* (2002) 27 Cal.4th 49, 57–58 [115 Cal.Rptr.2d 403, 38 P.3d 1], we limited the applicability of the rule of lenity as a means of resolving a perceived ambiguity in a penal statute: "As Witkin explains, 'The rule [of lenity] applies only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.' (1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Introduction to Crimes, § 24, p. 53.) . . . [¶] Thus, although true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent."

[5] As enacted in 1988, section 186.22, subdivision (b)(3) provided: "Any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a minimum of 15 calendar years have been served." (Stats. 1988, ch. 1256, § 1, p. 4180.)

[6] In 1991, when the STEP Act was repealed and reenacted effective January 1, 1993 by the Legislature, then section 186.22, subdivision (b)(3) was renumbered as section 186.22, subdivision (b)(2). (Stats. 1991, ch. 661, § 2, p. 3039.) Its language was unchanged. In 1995, the Legislature amended the STEP Act. At that time, then section 186.22, subdivision (b)(2) was renumbered as section 186.22, subdivision (b)(4). (Stats. 1995, ch. 377, § 2, p. 1942.) Again, its language was unchanged. The provision remained designated as former section 186.22, subdivision (b)(4) until the passage of Proposition 21. As noted, it was then

provision previously enacted by the Legislature, in the absence of an indication of a contrary intent, we infer that the voters intended the provision to have the same meaning as the provision drafted by the Legislature. (See *People v. Trevino* (2001) 26 Cal.4th 237, 241 [109 Cal.Rptr.2d 567, 27 P.3d 283] ["Section 190.2 was enacted by voter initiative in 1978, but the language of its subdivision (a)(2) is identical to a provision that the Legislature enacted as part of the 1977 death penalty law. [Citation.] In the absence of anything suggesting the contrary, we infer that the voters who enacted section 190.2 intended subdivision (a)(2) to have the same meaning as the identically worded provision drafted by the Legislature."].)[7] Because there is no evidence of a contrary intent here, we infer that the voters intended section 186.22(b)(5) to have the same meaning as the identically worded provision drafted by the Legislature in 1988.

In *People v. Castenada* (2000) 23 Cal.4th 743, 746–747 [97 Cal.Rptr.2d 906, 3 P.3d 278], we stated: " 'In construing the relevant provisions of the STEP Act, as with any statute, we strive to ascertain and effectuate the Legislature's intent.' [Citations.]" "We begin by examining the words of the [statute]; if the statutory language is not ambiguous, then we presume the Legislature meant what it said, and the plain meaning of the language governs. [Citations.] If, however, the statutory language lacks clarity, we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such situations, we strive to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statute['s] general purposes. [Citation.] We will avoid any interpretation that would lead to absurd consequences. [Citation.]" (*People v. Walker* (2002) 29 Cal.4th 577, 581 [128 Cal.Rptr.2d 75, 59 P.3d 150] (*Walker*).)

### 1. *Ambiguity*

It is unclear, focusing solely on the statutory language, whether the section 186.22(b)(5) phrase "a felony punishable by imprisonment in the state prison

---

renumbered as section 186.22(b)(5) by Proposition 21 and, while the initiative added the phrase "[e]xcept as provided in paragraph (4)," the section's substantive language otherwise remained unchanged.

[7] The issue here is distinguishable from the issue that was before us in *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 904–905 [135 Cal.Rptr.2d 30, 69 P.3d 951], where the voters, subsequent to failed legislative efforts to amend Penal Code section 186.22, subdivision (d), passed Proposition 21, which contained the amended version of section 186.22, subdivision (d) that the Legislature failed to enact. In this situation, we held that evidence of the intent behind those failed legislative efforts was irrelevant in ascertaining the voters' intent because such evidence was not presented to the voters.

for life" is limited to those crimes where the underlying felony itself provides for a term of life imprisonment, or whether section 186.22(b)(5) also includes the situation where a defendant is sentenced to a term of life imprisonment because the underlying felony and enhancement together result in a life term.[8] Because the statutory language lacks clarity, we strive to ascertain the meaning that most closely comports with the voters' intent. (*Walker, supra*, 29 Cal.4th at p. 581).[9]

### 2. *Voters' Intent*

In 1988, when the predecessor to section 186.22(b)(5) was enacted, an enrolled bill report written by the Youth and Adult Correctional Agency analyzed the financial impact of the provision: "This proposed provision relating to life terms [former section 186.22, subdivision (b)(3), now section 186.22(b)(5)] would apply to all lifers (except life without possibility of parole). This would result in these lifers having their first parole hearing delayed, except for first degree murderers with a sentence of 25 years to life. Attachment A summarizes the offenses punishable by imprisonment for life and the current and proposed minimum eligible parole dates (MEPD). Those with a current MEPD of less than 15 years would serve additional time." (Cal. Youth and Adult Correctional Agency, Enrolled Bill Rep. on Assem. Bill No. 2013 (1987–1988 Reg. Sess.) prepared for Governor Deukmejian (Sept. 1, 1988) p. 2.) Attachment A to that report, entitled "Summary of Current and Proposed Minimum Eligible Parole Dates (MEPD) for Lifers"

---

[8] Compare *People v. Thomas* (1999) 21 Cal.4th 1122, 1127 [90 Cal.Rptr.2d 642, 988 P.2d 563] (for purposes of sentencing under the three strikes law, the "felony" referred to in the section 667.5, subdivision (c)(7) phrase "[a]ny felony punishable by [life] imprisonment" "must itself be punishable by life imprisonment [and does not] . . . include any felony the commission of which may result in a life sentence, even if the sentence is based on conduct other than the commission of the current felony") with *People v. Kramer* (2003) 29 Cal.4th 720, 723 [128 Cal.Rptr.2d 407, 59 P.3d 738] (for purposes of selecting a "base term" when determining the longest potential term of imprisonment, the section 654 phrase "[a]n act or omission that is punishable in different ways by different provisions of the law shall be punished under the provision that provides for the longest term of imprisonment" directs the sentencing court to consider the underlying offense plus any enhancements attached to the underlying offense). At oral argument, the Attorney General conceded that section 186.22(b)(5) is ambiguous.

[9] Defendant asks that we take judicial note of the Legislative Analyst's Office Analysis of the 2000–2001 Budget Bill, Board of Prison Terms, for the purpose of showing that determinate terms and indeterminate terms are markedly different. This request is hereby granted.

(Attachment A), listed nine felonies potentially impacted by the predecessor to section 186.22(b)(5).[10]

In each felony listed in Attachment A, *the statute defining the felony itself* provided for a life term. Even those felonies in Attachment A that incorporate disparate elements (i.e., sections 667.51 and 667.7 [specified prior convictions] and section 12310 [exploding a device causing great bodily injury]), the life term is encased in the definition of the felony itself. No statute listed in Attachment A looked *beyond the language of the statute itself*, namely, to another section of the Penal Code, in order to provide for a life term.

■    The Court of Appeal in the present case looked to a *different* section of the Penal Code (section 12022.53(d)), not incorporated in the language of

---

[10] Attachment A reads in full:

"SUMMARY OF CURRENT AND PROPOSED
MINIMUM ELIGIBLE PAROLE DATES (MEPD)
FOR LIFERS

| "Penal Code | Description of Crime and Penalty | Current Law MEPD | Proposed Law MEPD |
|---|---|---|---|
| "PC §§ 187/189 /189 | First degree murder without special circumstances (25 yrs. to life) | 16 yrs. 8 mos. | No change |
| | Second degree murder (15 yrs. to life) | 10 yrs. | 15 yrs. |
| "PC § 209 | (a) Kidnapping for ransom [without death or injury] (life with possibility of parole) | 7 yrs. | 15 yrs. |
| | (b) Kidnapping for robbery (life with possibility of parole) | 7 yrs. | 15 yrs. |
| "PC § 217.1 | Attempt to murder specified public officials (15 yrs. to life) | 7 yrs. | 15 yrs. |

the felony provision itself (attempted murder), in order to find that the felony provided for a life term. We decline to interpret the attempted murder statute in the manner suggested by the Court of Appeal because the enactment of a statute that provides for a term of life imprisonment is best left within the province of the Legislature. As we stated in *People v. Wims* (1995) 10 Cal.4th 293, 307 [41 Cal.Rptr.2d 241, 895 P.2d 77]: "Nor does [the dissent] explain why, if our Legislature intended a sentence enhancement to be 'part of the criminal offense to which it is attached' [citation], it did not simply say so.When the Legislature wishes to create a substantive offense having as one of its elements another substantive offense, it knows how to do so."[11]

| "PC § 219 | Train derailing [without death] (life with possibility of parole) | 7 1/2 yrs. | 15 yrs. |
| "PC § 664 | [P]remeditated attempted murder (life with possibility of parole) | 7 yrs. | 15 yrs. |
| "PC § 667.51 | [Lewd acts on child under 14] with 2 or more specified sex crimes (15 yrs. to life) | 7 1/2 yrs. | 15 yrs. |
| "PC § 667.7 | [F]elony involving great bodily injury, [with] 2 prior separate prison terms for specified felonies (20 yrs. to life) | 10 yrs. | 15 yrs. |
| "PC § 4500 | Assault by life prisoner [without death] (life without possibility of parole for 9 yrs.) | 9 yrs. | 15 yrs. |
| "PC § 12310 | Exploding destructive device [causing] mayhem or [GBI] (life with possibility of parole) | 7 yrs. | 15 yrs." |

[11] While the Court of Appeal found support for its interpretation of section 186.22(b)(5) by pointing to the fact that section 186.22(b)(1) "contemplate[s] enhancements" because it refers to "violent felonies" that incorporate "specified enhancements," such as gun use or causing great bodily injury (see, e.g., § 667.5, subd. (c)(8)), we are not persuaded. In this particular violent felony, like the felonies in Attachment A that incorporate disparate elements, the statute defining the felony provision itself contains the so-called enhancement. The Court of Appeal erred in the present case because it incorporated into the attempted murder statute a firearm enhancement that is not contained within the definition of the attempted murder statute.

Our conclusion is buttressed by the fact that section 12022.53(d), the firearm enhancement at issue here, was enacted in 1997 as part of the "10-20-Life" bill (Assem. Bill No. 4 (1997–1998 Reg. Sess.)), and thus predates Proposition 21 by more than two years. In that ensuing period leading up to Proposition 21, section 186.22(b)(5) was left intact by the Legislature and was left intact in Proposition 21.

But section 186.22, subdivision (b)(4), which was also enacted as part of Proposition 21 and contains new language,[12] provides that where a defendant commits a gang-related crime such as carjacking (§ 215) or home invasion robbery (§ 213, subd. (a)(1)(A)), he shall be "sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: [¶] (A) The term determined by the court pursuant to Section 1170 for the underlying conviction *including any enhancement* applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2." (Italics added.)·

Because Proposition 21 enacted section 186.22, subdivision (b)(4), a STEP Act provision that *combines* an underlying felony with an enhancement in order to establish a minimum term, it follows that section 186.22(b)(5) would have been written in the same manner if such was the intent of the voters.

The Court of Appeal's interpretation of section 186.22(b)(5) is also contrary to the voters' intent when passing Proposition 21 to impose increased penalties on those who commit crimes to benefit a criminal street gang. In the "Findings and Declarations" section of Proposition 21, "[t]he people [found] and declare[d]" that: "Criminal street gangs have become more violent,

---

[12] Current section 186.22, subdivision (b)(4) was added by Proposition 21. It provides in full: "Any person who is convicted of a felony enumerated in this paragraph committed for the benefit of . . . any criminal street gang . . . shall, upon conviction of that felony, be sentenced *to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:* [¶] (A) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2 [of the Penal Code], or any period prescribed by Section 3046, if the felony is any of the offenses enumerated in subparagraphs (B) or (C) of this paragraph. [¶] (B) Imprisonment in the state prison for 15 years if the felony is a home invasion robbery, in violation of subparagraph (A) of paragraph (1) of subdivision (a) of Section 213; carjacking, as defined in Section 215; a felony violation of Section 246; or a violation of section 12022.55. [¶] (C) Imprisonment in the state prison for seven years, if the felony is extortion, as defined in Section 519; or threats to victims and witnesses, as defined in Section 136.1."

bolder, and better organized in recent years." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (b), p. 119.) "Gang-related crimes pose a unique threat to the public because of gang members' organization and solidarity. Gang-related felonies should result in severe penalties." (*Id.*, § 2, subd. (h), p. 119.) "Dramatic changes are needed in the way we treat . . . criminal street gangs . . . if we are to avoid the predicted, unprecedented surge in . . . gang violence." (*Id.*, § 2, subd. (k), p. 119.)

Yet, if the Court of Appeal's construction of section 186.22(b)(5) were correct, the circumstance that a defendant committed a crime to benefit a criminal street gang would be meaningless in every case where the defendant committed a gang-related felony providing for a determinate term[13] *and* was found in violation of the section 12022.53(d) firearm enhancement. This is so because the 15-year minimum eligible parole date set by section 186.22(b)(5) would not impact the defendant's sentence of 25 years to life under section 12022.53(d). We decline to thwart the will of the voters in such a manner.[14]

---

[13] As provided in section 12022.53, subdivisions (a) and (d), such gang-related felonies include, but are not limited to: attempted murder (§§ 664/187), mayhem (§ 203), kidnapping (§ 207), robbery (§ 211), assault with a firearm, semiautomatic firearm or machine gun on a peace officer or firefighter (§ 245, subd. (d)(1)–(3)), rape (§ 261), discharging a firearm at an inhabited dwelling or occupied motor vehicle (§ 246), and discharging a firearm from an occupied motor vehicle (§ 12034, subd. (d)).

[14] We are mindful that there is a conflict in the Courts of Appeal on the proper application of section 186.22(b)(5) when the underlying felony itself provides for a term of 15 years to life, 25 years to life, or life without the possibility of parole. (See, e.g., *People v. Harper* (2003) 109 Cal.App.4th 520 [135 Cal.Rptr.2d 120], and compare, e.g., *People v. Ortiz* (1997) 57 Cal.App.4th 480, 485–486 [67 Cal.Rptr.2d 126] with *People v. Herrera* (2001) 88 Cal.App.4th 1353, 1364–1365 [106 Cal.Rptr.2d 793]; but see Justice Grignon's dissent as to this portion of the *Herrera* majority opinion, *id.* at pp. 1368–1370 (conc. & dis. opn. of Grignon, J.).) As that issue is not before us, we express no opinion on the matter. We do recognize, however, that section 186.22(b)(5) was enacted in 1988 to ensure that a defendant who committed a gang-related felony providing for a life term would not be eligible for parole until at least 15 calendar years elapsed. While newer and more powerful sentencing laws, such as section 190, have sapped the strength of section 186.22(b)(5), section 186.22(b)(5) still has vitality where the defendant is convicted of attempted murder with premeditation. In this situation, section 186.22(b)(5) raises the seven-year minimum eligible parole date (see § 3046, subd. (a)) to a 15-year minimum eligible parole date. (See, e.g., *People v. Villegas* (2001) 92 Cal.App.4th 1217, 1228–1229 [113 Cal.Rptr.2d 1].)

At oral argument, the Attorney General cited *Villegas* for the proposition that defendant's gang-related attempted premeditated murder sentence under section 186.22(b)(5) is properly characterized as a 15-year-to-life sentence that could be added to the 25-year-to-life-sentence for the section 12022.53(d) violation, resulting in a sentence of 40 years to life. (*People v. Villegas, supra,* 92 Cal.App.4th at pp. 1228–1229.) The question of whether such a characterization is appropriate is not before us and we express no opinion on the matter.

## DISPOSITION

The judgment of the Court of Appeal is reversed insofar as it struck the section 186.22(b)(1) enhancement and imposed the section 186.22(b)(5) alternate penalty provision. The Court of Appeal is directed to order the trial court to amend the abstract of judgment to reflect that defendant was convicted of attempted murder without premeditation. In all other respects, the judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

On September 10, 2003, the opinion was modified to read as printed above.