Filed 11/17/14  P. v. Bridgett CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065402 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS165958) |
| NEWMANN BRIDGETT, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Reversed and remanded with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Warren Williams, Deputy Attorneys General, for Respondent.

This appeal follows the denial of Newman Bridgett, Jr.'s petition to recall one of his three strikes sentences pursuant to Penal Code[1] section 1170.126.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

Bridgett is currently serving an indeterminate term of 59 years to life as a result of two separate cases in which he was sentenced to an indeterminate sentence under the three strikes law. In case No. SCS165958 Bridgett pled guilty to possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), and providing false identification, a misdemeanor (§ 148.9, subd. (a)). In January 2003, Bridgett was sentenced to 25 years to life under the three strikes law.

In case No. SCD168052 Bridgett was convicted of five counts of robbery (§ 211) with the use of a deadly weapon (§ 12022, subd. (b)(1)). He was sentenced to a term of 34 years to life, consecutive to the sentence in case No. SCS165958.

In October 2013, Bridgett filed a petition to recall his sentence pursuant to section 1170.126 in case No. SCS165958. The trial court summarily denied the petition based upon the finding that Bridgett had been found guilty in case No. SCD168052 of an offense punishable by life imprisonment. (§ 1170.12, subd. (c)(2)(C)(iv)(VIII).)

Bridgett appeals contending the trial court erred in summarily denying the petition because it incorrectly determined the convictions for robbery in case No. SCD168052 were "offenses punishable by life imprisonment."

The People have responded conceding the trial court erred in its interpretation of what constitutes an offense punishable by life imprisonment. The People argue however the order is not appealable, but even if we reach the merits the trial court's erroneous interpretation of the statute was harmless.

Since the briefing was completed in this case our Supreme Court has resolved the issue of whether orders such as the one entered in this case are appealable. In *Teal v.*

*Superior Court* (Nov. 6, 2014, S211708) ___ Cal.4th ___ [2014 Cal. LEXIS 10481] the Supreme Court has determined such orders may be appealed. We accept the People's concession that the trial court's interpretation of the statute was incorrect. We will decline to address the issue of harmless error. Our review of the record demonstrates the trial court did not consider any issues other than whether the robbery convictions were for offenses punishable by life imprisonment. The issues which would be presented if we wandered into the harmless error analysis of what the court could have done are virtually all pending before our Supreme Court. The appellate courts have split on all of the issues and the high court has granted review on almost all of the published opinions. Thus, it does not make sense for this court to address an issue not squarely before us. Rather we will leave the remaining potential issues for another day after the Supreme Court has clarified the law in this area.[2]

DISCUSSION

*A. Analysis*

The transcript of the hearing on the petition consists of one page. At the hearing the court concluded that since Bridgett had received a life sentence for the robbery

---

[2] Among the cases now pending review by the Supreme Court are *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted December 18, 2013, S214264 (holding that order is not appealable); but see *People v. Wortham* (2013) 220 Cal.App.4th 1018, 1023, review granted January 15, 2014, S214844 (holding that order is appealable); *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503; *In re Machado (*2014) 226 Cal.App.4th 1044, review granted July 30 2014, S219819.

offense in case No. SCD168052 he was statutorily ineligible for recall of his sentence in case No. SCS165958, in which he was convicted of nonviolent/nonserious felonies.

The section upon which the court apparently relied, section 1170.126, subdivision (c)(2)(C)(iv)(VIII), renders a prisoner ineligible for resentencing where he or she has been convicted of "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death." Apparently, the trial court concluded that since Bridgett received a life term for the robberies because of the three strikes law, robbery was thus an offense punishable by life imprisonment. That conclusion is incorrect.

As the court pointed out in the context of similar language used in a case involving section 186.22, subdivision (b)(5), a crime is a "life offense" only if the statute defining the crime, by its own terms, provides for a life sentence. (*People v. Montes* (2003) 31 Cal.4th 350, 352.) Robbery is not such an offense. By its own terms, robbery under section 211 provides for a determinate sentence, not a life term. It only becomes a "life term" by application of a third strike sentence. Hence, as the parties agree, the robbery convictions in case No. SCD168052 are not life term convictions.

### B. Harmless Error

As we have explained above, the trial court did not articulate any reason to deny the petition other than conviction for a "life offense." After explaining Bridgett was not eligible for resentencing on the robbery case, the court said: "But he does have an

4

F.C.S.[3] case that had a life in prison sentence imposed that he may be eligible for relief. And given the circumstances of his imprisonment, I would recommend that further discussions be had between counsel as to a possible resolution by stipulation. I'm sure that contact with Mr. Bridgett will authorize that sort of relief."

On this record we cannot say what the court intended by its comments, other than there may be a basis of eligibility for some form of relief. The record is devoid of information as to any follow up to the court's suggestion. Thus we cannot find any basis to apply harmless error to the court's conceded mistake.

DISPOSITION

The order denying Bridgett's petition to recall the sentence is reversed. The trial court is directed to conduct a new hearing on Bridgett's petition and determine anew whether he is eligible for resentencing on case No. SCS165958.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

McINTYRE, J.

---

3    We have no idea what an "F.C.S." case is and there is nothing in the record to explain the reference.

5