Filed 2/28/25  P. v. Huerta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>VICENTE HUERTA,<br><br>      Defendant and Appellant. | D083628<br><br><br>(Super. Ct. No. SCN434544) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed and remanded with instructions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Adrian R. Contreras and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

Following a confrontation with a rival gang member, Vicente Huerta shot at the rival's departing vehicle, fatally wounding a passenger.  A jury convicted him of shooting at an occupied vehicle (Pen. Code, § 246; count 2)

and found true an allegation that he personally discharged a firearm causing great bodily injury or death in committing the offense (§ 12022.53, subd. (d)). In a bifurcated proceeding, the court found the allegation Huerta committed the offense for the benefit of a criminal street gang proven true beyond a reasonable doubt (§ 186.22(b)(4)). Huerta admitted to having a strike prior and a serious felony prior. The trial court sentenced him under section 186.22(b)(4)(A) to a total term of 74 years to life in prison for count 2. The court reached that sum by imposing the upper term of 7 years for the base count plus 25 years to life for the firearm enhancement and 5 years for the serious felony prior, which resulted in a minimum indeterminate term of 37 years that was then doubled under the Three Strikes law.

Huerta contends the trial court erred in its calculation "by including both the 25 years to life firearm enhancement and the 5-year serious prior felony enhancement within the minimum indeterminate term." We disagree. *People v. Sok* (2010) 181 Cal.App.4th 88 and California Supreme Court case law interpreting substantively indistinguishable provisions in the Penal Code support the trial court's calculation of Huerta's sentence. We therefore affirm and remand with instructions.

I.

A.

In 1988, the Legislature enacted the Street Terrorism Enforcement and Prevention Act "'to seek the eradication of criminal activity by street gangs.'" (*People v. Montes* (2003) 31 Cal.4th 350, 354, quoting § 186.21.) Originally, the STEP Act prescribed sentencing enhancements for certain offenses committed for the benefit of a criminal street gang, but it also provided: "Any person who violates this subdivision in the commission of a felony punishable by imprisonment in the state prison for life, shall not be paroled until a

2

minimum of 15 calendar years have been served." (Stats. 1988, ch. 1242, § 1, eff. Sept. 26, 1988; former § 186.22(b)(1)-(3).)

In March 2000, California voters amended the STEP Act by passing Proposition 21. (*Montes*, 31 Cal.4th at p. 354.) Proponents of the measure believed "the law must be strengthened to require serious consequences, protecting [Californians] from the most violent . . . gang offenders." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) argument in favor of Prop. 21, p. 48.) They argued the measure "ends the 'slap on the wrist' of current law by imposing real consequences for GANG MEMBERS." (*Ibid.*)

In addition to increasing the sentencing enhancements, "Proposition 21 created an alternate penalty provision prescribing indeterminate terms of life imprisonment for those who committed certain enumerated felonies." (*People v. Lopez* (2022) 12 Cal.5th 957, 970.) As relevant here, the provision states:

> A person who is convicted of a felony enumerated in this paragraph committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, shall, upon conviction of that felony, be sentenced to an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:
>
> (A) The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 3046, if the felony is any of the offenses enumerated in subparagraph (B) or (C) of this paragraph.
>
> (B) Imprisonment in the state prison for 15 years, if the felony is . . . a felony violation of Section 246 . . . .

(§ 186.22(b)(4).)

B.

The correct construction of a statute is a question of law we review de novo. (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.) We aim to discern the Legislature's intent so as to effect the statute's purpose. (*Ibid.*) We first give "the statute's words . . . a plain and commonsense meaning." (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "If the language is unambiguous, the plain meaning controls." (*Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 519.) Yet the words must be construed in context, so we must look to the entire section as well as "the statutory framework as a whole" to harmonize terms. (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230.) We consult extrinsic aids, like the legislative history, only if the language is ambiguous. (*Walker*, at p. 1032.)

C.

Huerta raises several reasons why the trial court's interpretation of section 186.22(b)(4) is allegedly erroneous. None persuade us.

Huerta contends the plain language of section 186.22(b)(4)(A) bars including the section 12022.53(d) firearm enhancement or the five-year serious felony prior enhancement as part of his minimum term. Huerta points out the minimum term includes "any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 3046," but "Chapter 4.5 . . . does not include either" of the enhancements at issue here. (§ 186.22(b)(4)(A).)

We conclude this language is ambiguous. It is unclear precisely what "the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 3046" (§ 186.22(b)(4)(A)) encompasses—

4

although, if the Legislature intended the interpretation Huerta advances, it could have used "contained within" or similar language rather than "applicable under."  We thus find it appropriate to reference extrinsic aids in analyzing the merits of Huerta's claims.

Doing so, we are persuaded by the People's argument that the interpretation of virtually identical language in the Three Strikes law mandates a different interpretation.  In relevant part, the Three Strikes law provides that, "if a defendant has two or more prior serious or violent felony convictions . . . that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greatest of: [¶] . . . [¶] The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046."  (§ 667(e)(2)(A)(iii).)

In *People v. Acosta* (2002) 29 Cal.4th 105, 115, the Supreme Court construed this language to "include[ ] *any* applicable enhancement that would be used to lengthen the term the defendant would receive absent the Three Strikes law."  (*Acosta*, at p. 115, italics added.)  In doing so, *Acosta* relied on its interpretation of similar language in *People v. Jenkins* (1995) 10 Cal.4th 234, which concerned section 667.7.  (*Ibid*.)  And in *Sok*, the Second District, also relying in part on *Jenkins*, concluded the language of section 186.22(b)(4)(A) must also be construed in this way.  (*Sok*, 181 Cal.App.4th at pp. 96-97.)

Huerta responds *Sok* was wrongly decided.  Huerta first faults *Sok* for "assum[ing] the sentence for the Penal Code section 12022.53 enhancement is added to the minimum indeterminate term calculation for purposes of

5

section 186.22, subdivision (b)(4)(A)" without "address[ing] the precise language" in section 186.22(b)(4)(A) regarding Chapter 4.5. The People acknowledge *Sok* does not address that language directly but contend it did not need to. We agree Supreme Court precedent fills in any holes *Sok* left unaddressed in this regard.

Next, Huerta argues *Sok* failed to address a Supreme Court case that allegedly endorsed a sentence inconsistent with that in *Sok* and here. (Citing *People v. Jones* (2009) 47 Cal.4th 566.) But *Jones* assumed section 186.22(b)(4)(B) applied, and thus it did not consider the appropriate minimum term under section 186.22(b)(4)(A). *Jones* therefore is not precedential on the issue before us (*People v. Knoller* (2007) 41 Cal.4th 139, 154-155), and *Sok*'s failure to address it is of no moment.

Huerta also points to language in *Sok* acknowledging its interpretation "is not free from doubt and could, in at least certain circumstances, produce a somewhat anomalous result." (*Sok*, 181 Cal.App.4th at p. 99.) Yet the People contend, and we agree, that Huerta takes this statement out of context. The statement applies to *Sok*'s conclusion "the section 12022.53 gun enhancement should not be used both to establish the minimum term of the indeterminate life term under section 186.22, subdivision (b)(4)(A), and as a separate enhancement of that life term," as that interpretation can sometimes result in subdivision (b)(4)(B) imposing a longer sentence. (*Sok*, at pp. 98-99.) Thus, the language did not suggest, as Huerta claims, that *Sok*'s conclusion that enhancements are included in the minimum term was infirm.

That brings us to Huerta's last argument against *Sok*'s interpretation of section 186.22(b)(4): that it can lead to anomalous results where more serious crimes are sometimes punished less harshly than less serious ones. But the fact Huerta can conjure several such examples does not make the

6

interpretation advanced by *Sok* and our high court absurd. Ultimately, "it matters not whether the drafters, voters or legislators consciously considered all the effects and interrelationships of the provisions they wrote and enacted." (*People v. Garcia* (1999) 21 Cal.4th 1, 14.) "We must take the language of section [186.22] . . . as it was passed into law, and must, if possible without doing violence to the language and spirit of the law, interpret it so as to harmonize and give effect to all its provisions." (*Ibid.*) That we have done.

Finally, Huerta claims it is well settled that under the Three Strikes law the court doubles the term for the underlying felony but not any applicable enhancements. We agree this is an accurate statement of the law so far as it goes. (See *People v. Dominguez* (1995) 38 Cal.App.4th 410, 424.) Here, however, the court doubled the *minimum term for an indeterminate sentence* under an alternate penalty provision that *includes* the terms of any enhancements as an element; accordingly, no *enhancement* was imposed and impermissibly doubled. The court's action complied with the express terms of the Three Strikes law, which provides: "If a defendant has one prior serious or violent felony conviction as defined in subdivision (d) that has been pled and proved"—like Huerta—"the determinate term *or minimum term for an indeterminate term* shall be twice the term otherwise provided as punishment for the current felony conviction." (§ 667(e)1), italics added.) The cases Huerta cites to support his contrary position are unpersuasive because they concern enhancements imposed and sentenced as enhancements rather than as part of the minimum term under section 186.22(b)(4).

We are bound by our Supreme Court's express pronouncement that section 186.22(b)(4) "*combines* an underlying felony with an enhancement in order to establish a minimum term." (*Montes*, 31 Cal.4th at p. 360.)

Accordingly, we conclude the trial court properly interpreted and applied section 186.22(b)(4)(A) in calculating Huerta's sentence for count 2.

## II.

We affirm. Because the superior court was unable to locate the abstract of judgment in this matter, we remand for the trial court to prepare, to the extent it is necessary, an abstract of judgment consistent with this opinion and forward a copy to the Department of Corrections and Rehabilitation.

CASTILLO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.