Filed 5/20/25  P. v. Garcia-Zazueta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MICHEL GARCIA-ZAZUETA,<br><br>      Defendant and Appellant. | D085718<br><br><br>(Super. Ct. Nos. RIF2100597, RIF2201821) |

APPEAL from a judgment of the Superior Court of Riverside County, Mark E. Johnson, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting, and Heather B. Aramarri, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Michel Garcia-Zazueta appeals from a combined sentence in two cases, case Nos. RIF2100597 and RIF2201821. The sentence also includes a third case, which Garcia-Zazueta does not appeal. We accept the People's concession that the trial court committed sentencing error under Penal Code[1] section 1170.1, subdivision (a), and remand for a full resentencing.

BACKGROUND

In case No. RIF2100597, a jury convicted Garcia-Zazueta of carjacking (§ 215, subd. (a)) and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)).

In case No. RIF2201821, a jury convicted Garcia-Zazueta of four counts of attempted murder (§§ 187, subd. (a), 664 [counts 1, 2, 3 & 5]), one count of attempted robbery (§§ 211, 664 [count 6]), and one count of robbery (§ 211 [count 7]). The jury found that Garcia-Zazueta committed count 1 with deliberation and premeditation and found that he did not as to count 2. The jury did not reach a verdict on another charge of attempted murder in count 4 or a finding as to deliberation and premeditation on counts 3 and 5. Additionally, the jury found true the allegations that Garcia-Zazueta personally discharged a firearm (§ 12022.53, subd. (c)) as to counts 1, 3, and 5, that he personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)) as to counts 2 and 6, and that he personally used a firearm (§ 12022.53, subd. (b)) as to count 7. The trial court found that Garcia-Zazueta committed count 1 while he was released from custody on bail (§ 12022.1).

At sentencing, the trial court began with the primary case, case No. RIF2201821. The court selected attempted murder in count 5 as the

---

1      Undesignated statutory references are to the Penal Code.

2

principal count and imposed the middle term of seven years on that count, plus 20 years for the firearm enhancement. The court sentenced Garcia-Zazueta on the remaining counts as follows: for attempted premeditated murder in count 1, seven years to life, plus 20 years consecutive for the firearm enhancement; for attempted murder in count 2, seven years (the middle term), plus 25 years to life for the firearm enhancement; for attempted murder in count 3, two years, four months (one-third of the middle term), plus six years, eight months for the firearm enhancement (one-third of the 20 year enhancement); for attempted robbery in count 6, two years (the middle term), plus a stayed 25 years to life firearm enhancement; and for robbery in count 7, one year (one-third of the middle term) plus three years, four months for the firearm enhancement (one-third of the 10 year enhancement). The court dismissed the out-on-bail allegation. Garcia-Zazueta was sentenced to a total term of 69 years, four months, plus a consecutive term of 32 years to life.

At sentencing, the court explained that counts 2 and 6 were not sentenced at one-third of the middle term under section 1170.1, subdivision (a), because they were attached to the 25-years-to-life firearm allegations. In staying the term imposed for the firearm enhancement in count 6 under section 654, the court reasoned that this was the same firearm use as in the count 2 enhancement. However, the court did not stay the sentence for either offense.

In case No. RIF2100597, the trial court sentenced Garcia-Zazueta to a consecutive one year, eight months for carjacking (one-third of the middle term) and three years for assault (the middle term), with the latter term stayed under section 654.

3

The court imposed a $300 restitution fine in each case pursuant to section 1202.4, subdivision (b). It declined to impose any other fines and fees, concluding that Garcia-Zazueta did not have the ability to pay.

The abstract of judgment lists counts 2, 3, and 5 as "1st attempted murder," count 6 as "1st attempted robbery," and count 7 as "1st robbery." (Capitalization omitted.)

## DISCUSSION

Garcia-Zazueta raises four contentions on appeal: (1) the trial court erred under section 1170.1, subdivision (a), by failing to sentence subordinate counts of attempted murder (count 2) and attempted robbery (count 6) at one-third of the middle term; (2) the trial court erred under section 654 by failing to stay the sentence on either attempted murder (count 2) or attempted robbery (count 6); (3) the trial court erred by failing to stay the section 1202.4, subdivision (b), restitution fines when it found he did not have the ability to pay; and (4) the abstract of judgment improperly states "1ST" as to counts without convictions of first degree crimes. The People concede Garcia-Zazueta's first contention has merit. We accept the People's proper concession that the trial court erred by failing to sentence the attempted murder and attempted robbery charges at one-third of the middle term. We therefore remand for a full resentencing and do not reach the remaining issues.

Garcia-Zazueta's claims of error under section 1170.1, subdivision (a), and section 654 arose from a February 23, 2022, incident involving a single victim, John Doe (F.B.). That night, Garcia-Zazueta approached F.B. while F.B. was sweeping the parking lot of the liquor store where he worked. Garcia-Zazueta, wearing a mask, pointed a gun at F.B.'s chest, and demanded his belongings. When F.B. tried to push the gun away, Garcia-

4

Zazueta shot him once in the stomach. F.B. fell to the ground and Garcia-Zazueta continued to shoot at him. Garcia-Zazueta rolled F.B. over and searched him, but did not take anything.

Section 1170.1, subdivision (a), governs the imposition of consecutive sentences for two or more felonies and provides: "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

As the People concede, when a subordinate, determinate offense has an indeterminate enhancement, the "indeterminate enhancement does not merge with the determinate offense" to exempt the subordinate term from the one-third of the middle term sentencing requirement. (*People v. Sanders* (2010) 189 Cal.App.4th 543, 558–560, citing *People v. Montes* (2003) 31 Cal.4th 350, 358–359.) Only the principal term, and not the enhancement, determines whether section 1170.1, subdivision (a), applies. (*People v. Sanders*, at p. 560.) The trial court here erred by failing to apply section 1170.1, subdivision (a), to the sentences for counts 2 and 6, which were subordinate, determinate offenses (§§ 18, 213, 664, subd. (a)) notwithstanding their associated indeterminate firearm enhancements. Accordingly, we reverse the sentence and remand for a full resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; see *People v. Brantley* (2019) 43 Cal.App.5th 917, 923 ["Since the trial court failed to abide by subdivision (a) of section 1170.1, we shall vacate the sentence and remand for resentencing."].)

5

Given our remand for full resentencing, we do not address the merits of Garcia-Zazueta's remaining claims of error. (*People v. Jones* (2022) 86 Cal.App.5th 1076, 1093.) For guidance on remand, however, we note that Garcia-Zazueta is incorrect that multiple punishments on counts 2 and 6, the attempted murder and attempted robbery of F.B., are barred by section 654 *as a matter of law*. He contends either count 2 or count 6 must be stayed because both were based on a single physical act and both involved an indivisible course of conduct committed with a single intent and objective. We disagree.

" 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Correa* (2012) 54 Cal.4th 331, 336.) "However, if the defendant harbored 'multiple or simultaneous objectives, independent of and not merely incidental to each other, the defendant may be punished for each violation committed in pursuit of each objective even though the violations share common acts or were parts of an otherwise indivisible course of conduct.' " (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.) "While it is true that attempted murder can, under some circumstances, constitute the 'force' necessary to commit a robbery . . . 'at some point the means to achieve an objective may become so extreme they can no longer be termed "incidental" . . . [S]ection [654] cannot, and should not, be stretched to cover gratuitous violence or other criminal acts far beyond those reasonably necessary to accomplish the original offense.' " (*People v. Cleveland* (2001) 87 Cal.App.4th 263, 272 (*Cleveland*).)

The determination whether section 654 bars punishment for two convictions arising out of one course of conduct is a factual question for the trial court under the preponderance of evidence standard. (*People v. Carter* (2019) 34 Cal.App.5th 831, 844–845.) Here, Garcia-Zazueta shot at the victim multiple times. As the People argue in their respondent's brief, the trial court could determine Garcia-Zazueta's continued shooting at F.B., after he had been subdued from the first shot, was "wholly gratuitous" and not intended to facilitate the robbery. (See *Cleveland, supra,* 87 Cal.App.4th at pp. 271–272; *People v. Nguyen* (1988) 204 Cal.App.3d 181, 193 ["a separate act of violence against an unresisting victim or witness, whether gratuitous or to facilitate escape or to avoid prosecution, may be found *not* incidental to robbery for purposes of section 654" (italics added)].) On remand for resentencing, the trial court will have full discretion to consider whether Garcia-Zazueta had multiple intents and objectives required to impose multiple punishments on counts 2 and 6, but multiple punishments are not barred as a matter of law. (*People v. Corpening* (2016) 2 Cal.5th 307, 311– 312.)

When preparing the abstract of judgment after resentencing, we note that the People agree with Garcia-Zazueta that the abstract of judgment should not state "1ST" to describe the crime in counts 2, 3, 5, 6, and 7.

DISPOSITION

We vacate the sentence and remand for full resentencing. The judgment is affirmed in all other respects.

DO, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.