Filed 3/28/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PETER DAVID HERNANDEZ,<br><br>    Defendant and Appellant. | H043551<br>(Santa Clara County<br>Super. Ct. No. 189458) |

## I.  INTRODUCTION

Defendant Peter David Hernandez appeals after the trial court denied his Proposition 47 petition for resentencing (Pen. Code, § 1170.18, subd. (a))[1] as to a 1997 conviction for petty theft with a specified prior conviction (former § 666).  The trial court found that defendant was disqualified from Proposition 47 relief because he has a prior conviction of robbery for which he received an indeterminate life sentence under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).  The trial court relied on section 1170.18, subdivision (i), which precludes resentencing for a person with one or more prior convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv).  The specified disqualifying offenses include "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death."  (§ 667, subd. (e)(2)(C)(iv)(VIII).)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

We conclude that defendant was not disqualified from resentencing under section 1170.18, subdivision (i).  Although defendant's robbery conviction was punished by an indeterminate life term under the Three Strikes law, robbery itself is not "[a] serious and/or violent felony offense punishable in California by life imprisonment or death" under section 667, subdivision (e)(2)(C)(iv)(VIII).  We will therefore reverse the order denying defendant's petition for resentencing and remand for a determination of whether resentencing defendant for his conviction of petty theft with a prior "would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)

## II.  BACKGROUND

In 1997, defendant was convicted of second degree robbery (§§ 211, 212.5) and petty theft with a specified prior conviction (former § 666; see Stats. 1993, ch. 611, § 10).  The trial court found true a number of prior conviction allegations, including allegations that defendant had two prior convictions that qualified as strikes under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12).

For the robbery, defendant was sentenced to an indeterminate term of 25 years to life pursuant to the Three Strikes law.  The term for his conviction of petty theft with a prior was stayed pursuant to section 654.  The trial court also imposed a 10-year determinate term for two serious felony conviction allegations (§ 667, subd. (a)).

On November 4, 2014, the electorate passed Proposition 47, which went into effect the next day.  (See *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)  Proposition 47 reclassified certain drug- and theft-related offenses as misdemeanors, except where the defendant has one or more disqualifying prior convictions, which include the "super strike" offenses listed in section 667, subdivision (e)(2)(C)(iv).  (See *Rivera, supra,* at p. 1092.)  Relevant to this case, section 667, subdivision (e)(2)(C)(iv)

2

lists "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death."[2]

Petty theft with a prior was one of the offenses affected by Proposition 47. "For most persons, the crime of petty theft with a prior . . . is eliminated." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1330.) However, as amended, section 666 still applies if the person is required to register as a sex offender, has committed a specified offense against a dependent or elderly adult, or "has a prior violent or serious conviction" listed in section 667, subdivision (e)(2)(C)(iv). (§ 666, subd. (b).)

Proposition 47 also added section 1170.18, which permits a person who is "currently serving a sentence" for a conviction of a reclassified offense to request to be resentenced to a misdemeanor (*id.*, subd. (a)). Section 1170.18, subdivision (i) provides that resentencing is precluded for "persons who have one or more prior convictions" for an offense specified in section 667, subdivision (e)(2)(C)(iv) or for an offense requiring sex offender registration.[3]

---

[2] Section 667, subdivision (e)(2)(C)(iv) specifies that the disqualifying felonies are: "(I) A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. [¶] (II) Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289. [¶] (III) A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288. [¶] (IV) Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive. [¶] (V) Solicitation to commit murder as defined in Section 653f. [¶] (VI) Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245. [¶] (VII) Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418. [¶] (VIII) Any serious and/or violent felony offense punishable in California by life imprisonment or death."

[3] Even if the person does not have a disqualifying prior conviction, a petition for resentencing may be denied if the trial court determines that the person "would pose an (continued)

3

On September 25, 2015, defendant filed a petition for resentencing pursuant to section 1170.18, subdivision (a), seeking to have his conviction of petty theft with a prior reduced to a misdemeanor. Defendant asserted that his robbery conviction was not a "prior conviction" within the meaning of section 1170.18, subdivision (i) because he suffered that conviction at the same time as his conviction of petty theft with a prior. Defendant further argued that his robbery conviction was not a conviction of an "offense punishable in California by life imprisonment or death" within the meaning of section 667, subdivision (e)(2)(C)(iv)(VIII) because the punishment for robbery is generally a determinate term; a robbery conviction is only punishable by a life term if the person is a recidivist subject to the Three Strikes sentencing scheme.

The District Attorney filed opposition to defendant's resentencing petition, arguing that defendant's robbery conviction precluded him from obtaining Proposition 47 relief for his conviction of petty theft with a prior. The District Attorney argued that the robbery conviction was a "prior conviction" within the meaning of section 1170.18, subdivision (i) because it occurred "prior to the request for relief." The District Attorney also argued that the robbery conviction was "punishable by life imprisonment" because defendant received a life sentence for that offense.

The trial court denied defendant's petition for resentencing in a written order filed on April 28, 2016. The trial court determined, based on the plain language of section 1170.18, subdivision (i), that defendant had a "prior" robbery conviction because the conviction occurred prior to the filing of his resentencing petition. The trial court also found that "as a result of the Three Strikes law," defendant's robbery conviction was a conviction for an offense "punishable by life imprisonment."

---

unreasonable risk of danger to public safety" (§ 1170.18, subd. (b)) because there is "an unreasonable risk that the petitioner will commit a new violent felony within the meaning of [section 667, subdivision (e)(2)(C)(iv)]" (§ 1170.18, subd. (c)).

## III.   DISCUSSION

Defendant argues, as he did in the trial court, that his conviction of petty theft with a prior was eligible for resentencing under section 1170.18 because his robbery conviction did not qualify as a prior conviction for an "offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)).

Section 667, subdivision (e)(2)(C)(iv) was added by Proposition 36, the Three Strikes Reform Act of 2012.  Under the Three Strikes law as it existed prior to Proposition 36 (former §§ 667, subds. (b)-(i); 1170.12), "a defendant who had previously been convicted of two or more serious or violent felonies was subject to an indeterminate sentence of 25 years to life upon his or her conviction of *any* new felony. [Proposition 36] prospectively changed the Three Strikes law by reserving indeterminate life sentences for cases where the new offense is also a *serious or violent felony,* unless the prosecution pleads and proves an enumerated disqualifying factor.  In all other cases, a recidivist defendant will be sentenced as a second strike offender, rather than a third strike offender.  [Citations.]"  (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 740-741 (*Chubbuck*).)  One enumerated disqualifying factor is that "[t]he defendant suffered a prior serious and/or violent felony conviction" for one of the "felonies" listed in section 667, subdivision (e)(2)(C)(iv), which include "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death" (*id.*, subd. (e)(2)(C)(iv)(VIII)).

Proposition 36 "also created a ' "post-conviction release proceeding" ' whereby a Three Strikes prisoner who is serving an 'indeterminate life sentence' for a crime that was not a serious or violent felony—and who is not otherwise disqualified—may have his or her sentence recalled and be resentenced as a second strike offender . . . ." (*Chubbuck, supra,* 231 Cal.App.4th at p. 741.)  Again, one disqualifying factor is that the defendant has a prior conviction for an offense listed in section 667, subdivision (e)(2)(C)(iv).  (§ 1170.126, subd. (e)(2).)

5

The issue here is whether an offense itself must be punishable by an indeterminate life term in order to qualify as an "offense punishable in California by life imprisonment or death" under section 667, subdivision (e)(2)(C)(iv)(VIII), or whether an offense is "punishable in California by life imprisonment or death" if it is punishable by an indeterminate life term in the particular case, i.e., due to application of the Three Strikes law.

Defendant contends the phrase "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)) refers only to offenses that are listed as serious felonies under section 1192.7, subdivision (c) and/or violent felonies under section 667.5, subdivision (c) and for which the usual prescribed punishment is a life sentence, such as kidnapping in violation of section 209.

The Attorney General contends the phrase "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)) also includes offenses that are statutorily enumerated as serious and/or violent felonies, such as robbery, for which the usual prescribed punishment is a determinate term but which are punishable by a life sentence under the Three Strikes law when the defendant has qualifying prior convictions.[4]

In determining the meaning of the phrase "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)), an issue of statutory interpretation, we apply de novo review. (See *People v. Simmons* (2012) 210 Cal.App.4th 778, 790.) "When we interpret an

---

[4] Second degree robbery is generally "punishable by imprisonment in the state prison for two, three, or five years." (§ 213, subd. (a)(2).) However, robbery is a "serious felony" under section 1192.7, subdivision (c)(19) and a "violent felony" under section 667.5, subdivision (c)(9), such that it may be punishable by an indeterminate term of life imprisonment under the Three Strikes law, *if* the defendant has two or more prior serious or violent felony convictions. (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).)

6

initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure. [Citation.]" (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

We begin with the ordinary meaning of the phrase "offense punishable in California by life imprisonment" as used in section 667, subdivision (e)(2)(C)(iv)(VIII).[5] The word "offense" generally refers to a criminal act. Section 15 specifies: "A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction," punishment by death, imprisonment, a fine, removal from office, or disqualification from office. By using the term "offense punishable . . . by life imprisonment," section 667, subdivision (e)(2)(C)(iv)(VIII) focuses on the offense and its associated statutory punishment, not the type of offender or the effect of other prior convictions on the offender's sentence. Since the "offense" of robbery has an associated statutory punishment of "imprisonment in the state prison for two, three, or five years" (§ 213, subd. (a)(2)), it is not an "offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)).

---

[5] Defendant urges us to construe the phrase "[a]ny serious and/or violent felony offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)) "in the context of Proposition 47." However, as noted above, that statute was enacted as part of Proposition 36.

We next consider the context of section 667, subdivision (e)(2)(C)(iv)(VIII). As noted above, section 667, subdivision (e)(2)(C)(iv) was enacted as part of Proposition 36, to provide a list of "super strikes"—prior convictions that make a defendant ineligible for the Three Strikes law reforms enacted by Proposition 36. Under section 667, subdivision (e)(2)(C)(iv), a defendant is ineligible for those sentencing reforms if he or she "suffered a prior serious and/or violent felony conviction . . . for any of the following felonies." We find it significant that the statute uses the term "felonies" to describe the disqualifying prior convictions. The use of the term "felonies" strongly indicates that the determination of whether an offense qualifies as a "super strike" depends on the nature of the offense itself, not the nature of the defendant or the effect of other prior convictions on the defendant's sentence.

We also find it significant that section 667, subdivision (e)(2)(C)(iv)(VIII) is the final sub-clause in a list of specific crimes and categories of crimes. None of the other seven sub-clauses of section 667, subdivision (e)(2)(C)(iv) focuses on characteristics of the offender or the effect of other prior convictions on the offender's sentence. "The rule of statutory construction, *noscitur a sociis*, a word takes meaning from the company it keeps, is useful here. 'A word of uncertain meaning may be known from its associates and its meaning "enlarged or restrained by reference to the object of the whole clause in which it is used." [Citation.]' [Citation.]" (*People v. Drennan* (2000) 84 Cal.App.4th 1349, 1355.) " ' "In accordance with this principle of construction, a court will adopt a restrictive meaning of a listed item if acceptance of a more expansive meaning would make other items in the list unnecessary or redundant, or would otherwise make the item markedly dissimilar to the other items in the list." [Citation.]' [Citation.]" (*Kaatz v. City of Seaside* (2006) 143 Cal.App.4th 13, 40.) If we were to adopt the Attorney General's interpretation of the term "offense punishable in California by life imprisonment" as including offenses that are punishable by life imprisonment due to factors such as the presence of prior convictions, sub-clause (VIII) would be markedly dissimilar to the other

seven items listed in section 667, subdivision (e)(2)(C)(iv), which are: sexually violent offenses, specified sex crimes against minors, homicide offenses, solicitation to commit murder, assault with a machine gun on a police officer or firefighter, and possession of a weapon of mass destruction.

Our construction of section 667, subdivision (e)(2)(C)(iv)(VIII) is also consistent with the stated purpose of Proposition 36. In section 1, the "Findings and Declarations" section, the initiative stated, "This act will . . . [r]equire that murderers, rapists, and child molesters serve their full sentences—they will receive life sentences, even if they are convicted of a new minor third strike crime." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, p. 105.) The electorate specified that certain crimes would make an offender ineligible for Proposition 36's sentencing changes. Those specified crimes did not include robbery or any similar offenses. (See gen., *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1310 ["Section 667, subdivision (e)(2)(C)(iv) enumerates a narrow list of super-strike offenses such as murder, rape and child molestation."].) And nothing in the text of Proposition 36 suggests that the electorate intended to disqualify an offender from the sentencing changes due to the offender's conviction of a serious or violent offense that resulted in an indeterminate life sentence under the Three Strikes law.

Our construction of the phrase "offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)) is consistent with the construction of a similar statutory phrase by the court in *People v. Turner* (2005) 134 Cal.App.4th 1591 (*Turner*). In *Turner*, the court considered former section 799 (now § 799, subd. (a)), which sets forth the statute of limitations for "an offense punishable by death or imprisonment in the state prison for life." The question in *Turner* was whether a robbery charge was subject to the three-year statute of limitations applicable to most felonies set forth in section 801 or whether that particular robbery could be prosecuted "at any time" under former section 799 because the defendant had prior strike convictions

9

that made the robbery "an offense punishable by death or imprisonment in the state prison for life." The *Turner* court concluded that "for the purpose of determining the applicable statute of limitations, the maximum punishment is the punishment prescribed for the offense itself," not the "punishment that applies to a particular *offender,* and which is based upon facts other than the commission of the offense for which he or she is being prosecuted." (*Id.* at pp. 1596-1597.) The court noted that section 15 defines an "offense" as " 'an *act* committed or omitted in violation of a law forbidding or commanding it' " (*Turner, supra,* at p. 1597) and that therefore, the word "offense" in former section 799 "must refer to the current felony for which the defendant is to be, or is being, prosecuted, not the facts of prior convictions" (*Turner, supra,* at p. 1597). The court held that an indeterminate life term imposed under the Three Strikes law is "an alternative sentence imposed upon those who commit a current felony offense, *and* who are recidivist offenders." (*Turner, supra,* at p. 1597.)

The California Supreme Court has also similarly construed section 667.5, subdivision (c)(7), which specifies that "violent felonies" include "[a]ny felony punishable by death or imprisonment in the state prison for life." In *People v. Thomas* (1999) 21 Cal.4th 1122 (*Thomas*), the issue was whether the defendant could accrue conduct credits while in custody under section 4019 or whether he was subject to the 15 percent conduct credit limitation of section 2933.1, which applies to a person who is convicted of a violent felony listed in section 667.5, subdivision (c). The defendant had not been convicted of any violent felony specifically enumerated in section 667.5, subdivision (c), but he had received indeterminate life sentences under the Three Strikes law, and thus his offenses were arguably felonies "punishable by death or imprisonment in the state prison for life" under section 667.5, subdivision (c)(7). The *Thomas* court concluded that "sections 2933.1 and 667.5(c)(7) only apply when a defendant is convicted of an offense that itself carries a punishment of life imprisonment, not when he receives a life sentence merely due to his status as a recidivist." (*Thomas, supra,* at

10

p. 1127.) The court reasoned that if an offense subject to a Three Strikes sentence qualified as a "felony punishable by" life imprisonment under section 667.5, subdivision (c)(7) or section 1192.7, subdivision (c)(7), "[a] third strike would by definition, therefore, always qualify as a serious or violent offense." (*Thomas, supra,* at p. 1128.)

The rationale of *Turner* and *Thomas* lends further support to our conclusion that the phrase "offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)) means an offense that itself has an associated statutory punishment of life imprisonment or death, not an offense such as robbery, which has an associated statutory punishment of two, three, or five years. An offense such as robbery is not converted to an "offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)) by virtue of the fact that the particular offender has two prior serious or violent felony convictions.

The Attorney General contends that a particular conviction falls within section 667, subdivision (e)(2)(C)(iv)(VIII) if the defendant received a life sentence as the result of a "penalty provision." The Attorney General relies on *People v. Williams* (2014) 227 Cal.App.4th 733 (*Williams*) for the proposition that "to determine whether the punishment imposed for a felony conviction constitutes a life sentence," a reviewing court "look[s] at the applicable sentencing scheme." (*Id.* at p. 744.) The *Wiliams* case involved the interpretation of section 186.22, subdivision (b)(5), which provides that "any person who [acts for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members] in the commission of a felony punishable by imprisonment in the state prison for life shall not be paroled until a minimum of 15 calendar years have been served." In *Williams*, the defendant had been sentenced to terms of 25 years to life for three offenses—robbery, assault, and kidnapping—as a result of the application of the Three Strikes law. None of the defendant's convictions "*standing alone*" provided for a

11

life sentence.  (*Williams, supra,* at p. 741.)  However, his offenses were "punishable by imprisonment in the state prison for life" within the meaning of section 186.22, subdivision (b)(5) as "the result of a penalty provision," i.e., the Three Strikes law, and thus he was subject to a 15-year minimum parole period rather than a 10-year determinate term enhancement under section 186.22, subdivision (b)(1)(C).  (*Williams, supra,* at p. 745.)

The *Williams* case relied on the distinction between a penalty provision and an enhancement recognized in two California Supreme cases:  *People v. Montes* (2003) 31 Cal.4th 350 (*Montes*) and *People v. Jones* (2009) 47 Cal.4th 566 (*Jones*), both of which also involved issues arising under the gang enhancement statute.  *Montes* held that section 186.22, subdivision (b)(5) applies to "a felony that, by its own terms, provides for a life sentence," not to a felony that had an associated enhancement of 25 years to life pursuant to section 12022.53, subdivision (d).  (*Montes, supra,* at p. 352.)  *Jones* held that a defendant who is subject to a life term for a gang-related crime pursuant to section 186.22, subdivision (b)(4), which is a "penalty provision," has committed a "felony punishable by death or imprisonment in the state prison for life" within the meaning of section 12022.53, subdivision (a)(17).  (*Jones, supra,* at pp. 575-576, 578-579.)

*Williams, Montes,* and *Jones* all involved the criminal street gang statute, which provides for different punishment depending on the defendant's conduct and other circumstances.  None of those cases considered the meaning of the phrase "offense punishable in California by life imprisonment or death" as used in section 667, subdivision (e)(2)(C)(iv)(VIII).  "It is axiomatic that cases are not authority for propositions not considered.  [Citations.]"  (*People v. Ault* (2004) 33 Cal.4th 1250, 1268,

fn. 10.)[6] Our analysis of section 667, subdivision (e)(2)(C)(iv)(VIII) is unaffected by the distinction between a penalty provision and an enhancement.

The Attorney General also contends that the issue in this case is moot, pointing out that if defendant's petition is granted, it will not provide him with any "material benefit" because his sentence for petty theft with a prior was stayed pursuant to section 654. In other words, defendant will still be serving an indeterminate term of 25 years to life for the robbery and a 10-year determinate term for the two serious felony conviction allegations.

The Attorney General cites *People v. Valencia* (2014) 226 Cal.App.4th 326 (*Valencia*) for the proposition that an issue is moot if "no prejudicial collateral consequences would be ameliorated" by ruling in the defendant's favor. (*Id.* at p. 329.) In *Valencia*, the Court of Appeal determined that the defendant should have been awarded three more days of custody credit. (*Ibid.*) However, the defendant had already been released from jail. As there was no scenario under which it would have benefitted him to be awarded the additional credits, the issue was moot. (*Ibid.*) In this case, by contrast, if defendant is ultimately successful with his section 1170.18 petition, he will have one of his felony convictions reduced to a misdemeanor. Having one less felony conviction is undeniably a potential benefit, such that the issue is not moot. The question of defendant's eligibility for resentencing is therefore not one that " 'involves only

---

[6] Also inapposite is *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), which defendant relies on and refers to as "*People v. Machado.*" The question in *Johnson* was whether the term "sentence" (§ 1170.126, subd. (a)) meant "the term imposed for a single crime" or "the aggregate term imposed for multiple crimes." (*Johnson, supra,* at p. 688.) The *Johnson* court held that as used in section 1170.126, subdivision (a), the term "sentence" meant "the sentence imposed with respect to a single count" (*Johnson, supra,* at p. 694) and thus "that the presence of a current offense that is serious or violent does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent" (*id.* at p. 680).

abstract or academic questions of law' " and is not moot.  (*People v. Delong* (2002) 101 Cal.App.4th 482, 486.)

In sum, defendant was not disqualified from resentencing under section 1170.18, subdivision (i) by virtue of the fact that his robbery conviction was punished by an indeterminate life term under the Three Strikes law, since robbery itself is not "[a] serious and/or violent felony offense punishable in California by life imprisonment or death" under section 667, subdivision (e)(2)(C)(iv)(VIII).  We will therefore reverse the trial court's order denying defendant's section 1170.18 petition and remand this case for a determination of whether resentencing defendant for his petty theft with a prior "would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b).)

## IV.    DISPOSITION

The order denying defendant's Penal Code section 1170.18 petition is reversed. The case is remanded to the superior court for a determination of whether resentencing defendant "would pose an unreasonable risk of danger to public safety."  (Pen. Code, § 1170.18, subd. (b).)

14

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:



_____
ELIA, ACTING P.J.



_____
MIHARA, J.



*People v. Hernandez*
**H043551**

Trial Court:                          Santa Clara County Superior Court
Superior Court No. 189458


Trial Judge:                       Hon. Linda R. Clark


Attorney for Appellant:      Carla Castillo,
Peter David Hernandez     under appointment by the Court of Appeal


Attorneys for Respondent:    Kamala D. Harris,
The People                    Attorney General
Gerald A. Engler,
Chief Assistant Attorney General
Jeffrey M. Laurence,
Senior Assistant Attorney General
Catherine A. Rivlin,
Supervising Deputy Attorney General
Gregg E. Zywicke,
Deputy Attorney General

***People v. Hernandez***
**H043551**