Filed 6/29/22  P. v. Young CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B314423 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A643083) |
| v. | |
| NORMAN KEITH YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Reversed and remanded.

Anna Rea, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2014, the electorate passed Proposition 47, which reclassified certain felony theft and drug offenses as misdemeanors. Proposition 47 also added Penal Code[1] section 1170.18, which allows an individual who suffered such a felony theft or drug conviction prior to Proposition 47's effective date to apply for an order designating the offense a misdemeanor.

In 1987, defendant Norman Keith Young was convicted of grand theft and sentenced to two years in prison. In May 2021, Young filed an application under section 1170.18 to have the grand theft conviction designated as misdemeanor petty theft. The People opposed the application, arguing that Young was not eligible for relief under Proposition 47 because he had multiple prior robbery convictions. Although the trial court denied Young's application on the ground that he had suffered a disqualifying offense, the ruling does not specify which prior offense precludes Young from obtaining relief. Case law construing section 1170.18 holds that robbery does not disqualify a person from relief thereunder.

On appeal, the Attorney General concedes that reversal of the order denying Young's application is proper. Young argues we should direct the trial court to grant his application outright, whereas the Attorney General maintains we should allow the court to further assess the application upon remand. We agree with the Attorney General because the trial court may ultimately conclude that denial of Young's application is appropriate based on information contained within the court's file, or it may instead decide to conduct an evidentiary hearing to determine Young's eligibility for Proposition 47 relief before ruling on the

---

[1] Undesignated statutory citations are to the Penal Code.

application.  We thus reverse the trial court's order and remand for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND

On August 3, 1987, the People filed a felony complaint alleging that Young committed second degree robbery, in violation of section 211.  According to the probation officer's report concerning this offense, Young shoved the victim, grabbed her purse, and fled the scene.  The report further claims that the value of the property Young took was approximately $200.  On September 2, 1987, Young pleaded guilty to one count of grand theft, in violation of former section 487, subdivision 2.[2]  The trial court sentenced Young to the middle term of two years in state prison for this offense.

On May 7, 2021, Young filed an application under section 1170.18, wherein he sought an order designating his 1987 grand theft conviction as a misdemeanor pursuant to Proposition 47.  On the application form, Young checked a box adjacent to the statement "[t]he amount in question is not more than $950."

It appears that at some point after Young filed the application, a prosecutor checked certain boxes on Young's form, thereby indicating the attorney opposed the application because Young "has a prior conviction for an offense listed in Penal Code

---

[2]  Young correctly points out that the abstract of judgment "erroneously lists the pertinent Penal Code section as section '478.2.' "  (See, e.g., § 478 (1987) [outlawing counterfeiting].)  Additionally, it appears that at the hearing on Young's guilty plea, the trial court granted the People's request to dismiss the second degree robbery charge.

§ 667(e)(2)(C)(iv)." The prosecutor identified these disqualifying offenses as "Multiple 211's" in a notation on the form, which is an apparent reference to certain robbery convictions allegedly suffered by Young. (See § 211 [defining robbery].)

On June 9, 2021, the trial court issued a brief minute order denying Young's application. The court reasoned that Young "has a prior conviction for an offense listed in Penal Code Section 667(e)(2)(c)(iv), which disqualifies him[ ] from relief under Proposition 47." The court did not identify this offense in the minute order, nor did it provide any further explanation for its ruling. Young timely appealed the order denying his application.

## DISCUSSION

"On November 4, 2014, the electorate passed Proposition 47, which went into effect the next day." (*People v. Hernandez* (2017) 10 Cal.App.5th 192, 196 (*Hernandez*).) One of the new statutes added by Proposition 47 was section 1170.18. (2014 Cal. Legis. Serv. Prop. 47, § 14.) Subdivision (f) of that section provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) Subdivision (g) in turn provides: "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

"Proposition 47 [also] reclassified certain drug- and theft-related offenses as misdemeanors . . . ." (*Hernandez, supra,* 10 Cal.App.5th at p. 196.) Of particular note to the instant case

4

is section 490.2, which provides in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in [section 667, subdivision (e)(2)(C)(iv)] or for an offense requiring registration pursuant to subdivision (c) of Section 290." (See § 490.2, subd. (a); see also 2014 Cal. Legis. Serv. Prop. 47, § 8 [adding § 490.2].)

In contrast, when Young was convicted of grand theft in 1987, former section 487, subdivision 2 defined "grand theft" to include cases in which "the property is taken from the person of another," regardless of the value of that property. (See former § 487, subd. (2) (1987).)

Much like section 490.2's exemption for certain offenses, section 1170.18 provides that relief thereunder is not available for "a person who has one or more prior convictions for an offense specified in [section 667, subdivision (e)(2)(C)(iv)] or for an offense requiring registration pursuant to subdivision (c) of Section 290." (See § 1170.18, subd. (i).) The term " 'prior conviction[ ],' as used in section 1170.18, subdivision (i), refers to a conviction suffered any time before the court's ruling on an application to have a felony conviction reclassified as a misdemeanor." (See *People v. Walker* (2016) 5 Cal.App.5th 872, 876, 879.)

Section 667, subdivision (e)(2)(C)(iv)'s list of felonies does not include robberies. (See § 667, subd. (e)(2)(C)(iv)(I)–(VIII).) Although section 667,

5

subdivision (e)(2)(C)(iv)(VIII) provides that "[a]ny serious or violent felony offense punishable in California by life imprisonment or death" is on this list of offenses, that provision does not encompass "an offense such as robbery," even if the person convicted of that offense received a life sentence pursuant to the "Three Strikes" Law. (See *Hernandez*, *supra*, 10 Cal.App.5th at pp. 195, 202.)

Here, the record shows the prosecutor opposed Young's application on the erroneous ground that Young had suffered convictions for a disqualifying offense, namely, robbery. (See Procedural Background, *ante*.) The trial court thereafter denied Young's application because he "has a prior conviction for an offense listed in Penal Code Section 667(e)(2)(c)(iv), which disqualifies him[ ] from relief under Proposition 47." Although the court did not identify robbery as the type of offense that disqualified Young from obtaining relief under section 1170.18, the Attorney General concedes that reversal is proper because "[t]he record suggest[s] that the trial court erred in concluding that appellant had a disqualifying prior conviction . . . ." Accordingly, we reverse the trial court's order denying the application. (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.' "].)

The parties dispute, however, whether we should direct the trial court to (1) grant Young's application and designate his grand theft conviction as a misdemeanor, or (2) conduct further proceedings to determine whether Young is entitled to the relief he seeks. We conclude that the second course is appropriate.

6

Young's application and the probation officer's report indicate that the value of the property he took did not exceed $950. As to Young's 1987 grand theft conviction, the record before us contains only the felony complaint, the probation officer's report, the minutes of the hearing on Young's guilty plea, and the abstract of judgment.[3] Although the probation officer's report is based in part on the officer's interview with the victim, it is unclear whether the trial court's file includes any other evidence concerning the value of the property taken (e.g., additional statements from the victim). (See *People v. Washington* (2018) 23 Cal.App.5th 948, 953 [noting that " '[t]he screening of [an] application [under section 1170.18 should] be based on the court's file, including the petitioner's record of convictions' "].) Furthermore, upon reviewing its file, the trial court may elect to hold an evidentiary hearing should it find that Young's " ' "entitlement to relief depends on the resolution of an issue of fact." ' " (See *Washington*, at pp. 953–954.) In addition, as the Attorney General points out, it is possible Young does in fact have a disqualifying prior conviction that is not robbery.[4]

---

[3] (See Cal. Rules of Court, rule 8.320(d)(1) [indicating that if the defendant appeals from an order other than a ruling on a motion for a new trial, then the clerk's transcript will contain the probation officer's report and "any court-ordered diagnostic report," but no other evidence submitted in connection with the underlying judgment]; *id.*, rule 8.320(e) ["Exhibits admitted in evidence, refused, or lodged are deemed part of the record, but may be transmitted to the reviewing court only as provided in rule 8.224."].)

[4] Although Young insists that "[t]he record on appeal gives no indication that [he] suffered any of the convictions listed in section 667, subdivision (e)(2)(C)(iv)," it is still possible that

For these reasons, an order instructing the trial court to grant Young's application under section 1170.18 would be premature. We remand the matter to provide the court another opportunity to address the merits of Young's application. The trial court's ultimate ruling on Young's application shall be sufficiently detailed to facilitate further appellate review, if any (e.g., any disqualifying offense may be identified by its associated Penal Code section, date of conviction, and case number). (Cf. *People v. Selivanov* (2016) 5 Cal.App.5th 726, 780 [holding that a trial court must provide a clear statement of its reasons for issuing a restitution order " '[t]o facilitate appellate review' " thereof].)

Our remanding for further proceedings, however, is not intended to be any indication that any such additional information exists or that Young is not qualified for relief under section 1170.18.

---

Young was convicted of such a felony. (See Cal. Rules of Court, rule 8.320(d)(1) [providing that the clerk's transcript consists of records concerning *the instant criminal case*].)

## DISPOSITION

We reverse the trial court's order denying defendant Norman Keith Young's application for relief under Penal Code section 1170.18 and remand the matter for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.