Filed 7/19/22  P. v. Alexander CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN EUGENE ALEXANDER,<br><br>        Defendant and Appellant. | B317136<br><br>Los Angeles County<br>Super. Ct. No. PA069032 |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge. Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Chung L. Mar and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Petitioner Steven Eugene Alexander appeals from the trial court's order denying his resentencing petition under Penal Code[1] section 1170.18. The parties agree, and so do we, that the court erred when it found Alexander is ineligible for relief because he suffered a prior disqualifying conviction. We therefore reverse the order denying Alexander's petition and remand the matter for further proceedings under section 1170.18.

# BACKGROUND[2]

In 2010, Alexander and an acquaintance entered a convenience store and used a stolen credit card to purchase items.

In 2012, a jury convicted Alexander of two counts of first degree burglary with a person present (§§ 459, 667.5, subd. (c)(21); counts 1 & 2), battery with injury on a peace officer (§ 243, subd. (c)(2); count 3), three counts of resisting an executive officer (§ 69; counts 4–6), and second degree burglary (§ 459; count 7). Alexander admitted allegations that he suffered a prior felony conviction (§ 667, subd. (d)) and served four prior prison terms (§ 667.5, subd. (b)). The court sentenced Alexander to 25 years and 4 months in prison. This division affirmed Alexander's judgment in 2014.

In June 2021, Alexander, in pro per, submitted a resentencing petition under section 1170.18, asking the court to

---

[1] All undesignated statutory references are to the Penal Code.

[2] A more detailed factual and procedural background can be found in our prior opinion, *People v. Alexander* (Feb. 5, 2014, B243170) [nonpub. opn.] (*Alexander*), which we take judicial notice of on our own motion. Here, we discuss only the facts giving rise to the second degree burglary conviction (count 7) at issue in Alexander's resentencing petition.

reduce his second degree burglary conviction (count 7) to a misdemeanor.[3] Using a form petition, Alexander alleged he hasn't suffered a disqualifying conviction identified in section 667, subdivision (e)(2)(C)(iv) or that requires registration as a sex offender under section 290, subdivision (c). Alexander also alleged the value of the property at issue in count 7 was not more than $950.

The People opposed Alexander's request by checking two boxes at the bottom of the form petition that assert Alexander is ineligible for relief because he suffered prior disqualifying convictions listed in section 667, subdivision (e)(2)(C)(iv). The People identified Alexander's prior convictions for first degree burglary under section 459 and battery of a peace officer under section 243, subdivision (c)(2) as the disqualifying convictions.

The court denied Alexander's petition, checking a box on a form order stating that Alexander "has a prior conviction for an offense listed in Penal Code § 667(e)(2)(C)(iv), which disqualifies him/her from relief under [section 1170.18]."

Alexander appealed.

## DISCUSSION

In 2014, California voters enacted "The Safe Neighborhoods and Schools Act" (Proposition 47), which makes certain theft- and drug-related offenses punishable as misdemeanors rather than felonies. (§ 1170.18; *People v. Page* (2017) 3 Cal.5th 1175, 1179.) Proposition 47 also created a resentencing procedure under section 1170.18, through which a person "serving a felony sentence at the time of Proposition 47's passage may be resentenced to a misdemeanor term if the person 'would have

---

[3] The superior court received the petition on June 17, 2021, but it was not filed until January 12, 2022.

3

been guilty of a misdemeanor under [Proposition 47] had th[e] act been in effect at the time of the offense.' " (*Page*, at p. 1179; § 1170.18, subd. (a).)

If a petitioner meets the statutory criteria set out in section 1170.18, the court shall recall the petitioner's sentence and resentence the petitioner to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1109; § 1170.18, subd. (b).) An " 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of" section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (c).)

A petitioner is ineligible for relief under section 1170.18 if he has suffered a prior conviction identified in section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (i).) Those disqualifying convictions include: (1) a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b); (2) certain sex offenses against children under 14 years of age; (3) any homicide offense, including attempted homicide, defined in sections 187 to 191.5; (4) solicitation to commit murder; (5) assault with a machine gun on a peace officer or firefighter; (6) possession of a weapon of mass destruction; and (7) any serious or violent felony punishable by life imprisonment or death. (§ 667, subd. (e)(2)(C)(iv).)

Proposition 47 also added section 459.5, which provides that "[n]othwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). … Shoplifting shall be punished as a misdemeanor, except that a

person with one or more prior convictions for an offense specified in [section 667, subdivision (e)(2)(C)(iv)] or for an offense requiring registration pursuant to [section 290, subdivision (c)] may be punished" as a felony. (§ 459, subd. (a).) Any act that falls within section 459.5's terms must be charged as shoplifting and not "burglary or theft of the same property." (§ 459.5, subd. (b).)

Once a resentencing petition is filed, the trial court conducts an initial screening, which is limited to determining " 'whether the [petitioner] has presented a *prima facie* basis for relief under section 1170.18.' " (*People v. Washington* (2018) 23 Cal.App.5th 948, 953.) The initial screening focuses on the petition and the record of conviction, not a resolution of disputed or uncertain factual issues. (*Id.* at pp. 953–955.) The petitioner's statement in his petition that "the value of the stolen property did not exceed $950 is sufficient to meet his prima facie burden under Proposition 47 with respect to the value of the stolen goods in question." (*Id.* at p. 957.) "If the court finds, based on the petition and its review of the record, that there is a prima facie basis for relief, the court should then hold 'a full qualification hearing at which any additional evidence may be received on the issue of eligibility.' " (*Id.* at p. 955.) "At that stage, it is likely that a petitioner will be afforded counsel who can ably present evidence on the disputed factual issues." (*Id.* at p. 957.)

Under section 1170.18, the petitioner bears the burden of proving eligibility for relief by a preponderance of the evidence. (*People v. Zorich* (2020) 55 Cal.App.5th 881, 886.) We independently review an order denying a section 1170.18 resentencing petition where the court's decision turns on undisputed facts. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136.)

Alexander contends, and the People agree, that the court erred when it denied the resentencing petition based on its

finding that Alexander suffered a disqualifying offense identified in section 667, subdivision (e)(2)(C)(iv). We agree with the parties.

When it denied Alexander's petition, the court didn't indicate which of Alexander's prior convictions constitutes a disqualifying offense listed in section 667, subdivision (e)(2)(C)(iv). Nothing in the record indicates Alexander suffered a disqualifying conviction, however. None of the offenses Alexander was convicted of at trial in 2012—i.e., first degree burglary with a person present, battery with injury on peace officer, second degree burglary, or resisting an executive officer—are disqualifying offenses. (See §§ 1170.18, subd. (i); 667, subd. (e)(2)(C)(iv).) Nor is there any indication in the record that the prior felony conviction or the prior prison terms that Alexander admitted at the 2012 trial involved disqualifying offenses.

Further, nothing on the face of Alexander's petition establishes he is ineligible for relief under section 1170.18. Alexander alleged he has not suffered a prior conviction for an offense listed in section 667, subdivision (e)(2)(C)(iv). (§ 1170.18, subd. (i).) And he alleged that he was convicted of a qualifying offense—i.e., second degree burglary of a commercial establishment involving property not exceeding $950 in value, an offense that, after Proposition 47's passage, is now defined as misdemeanor shoplifting. (See § 459.5, subd. (a); see also *People v. Gonzales* (2017) 2 Cal.5th 858, 876–877.)

In short, the court erred when it denied Alexander's resentencing petition on the basis that he suffered a prior conviction for an offense listed in section 667, subdivision (e)(2)(C)(iv) that disqualifies him for relief under section 1170.18.

The matter, therefore, must be remanded for the court to conduct further proceedings on Alexander's petition.[4]

## DISPOSITION

The order denying Alexander's resentencing petition is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


ADAMS, J.*

---

[4] We disagree with Alexander that we should also order the court to grant his petition. (See *People v. Hernandez* (2017) 10 Cal.App.5th 192, 204 [on remand, trial court must determine if resentencing appellant would pose unreasonable risk of danger to public safety].)

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.