Filed 12/8/22  P. v. Rodriguez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B315484 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA035695) |
| v. | |
| ANTHONY CASTRO RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.

—————————————

# INTRODUCTION

Anthony Castro Rodriguez appeals from an order denying his petition for resentencing under Proposition 36, the Three Strikes Reform Act of 2012. The superior court denied the petition because the court found Rodriguez posed an unreasonable risk of danger to public safety under Penal Code section 1170.126, subdivision (f).[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Rodriguez Lives a Life of Crime*

Rodriguez has spent much of his life committing serious crimes, serving prison sentences, and—often soon after his release from prison—violating parole. Rodriguez's extensive criminal history began in 1974, when he was 15 years old and the juvenile court sustained a petition for drug-related crimes. The juvenile court subsequently sustained petitions alleging robbery, driving under the influence, and shoplifting. (*People v. Rodriguez* (Oct. 15, 2018, B280078) [nonpub. opn.] (*Rodriguez I*).)

Rodriguez committed his first serious crime as an adult in 1981, when he robbed a store with a rifle, and was sentenced to four years in prison. He was released early in 1984, but violated his parole in 1985, when he was convicted of being under the influence of a controlled substance. (*Rodriguez I*, *supra*.)

In 1988, two years after he was released from prison, Rodriguez and an accomplice killed a man by stabbing him in the eye. Rodriguez was charged with murder, pleaded guilty to

---

[1]    Statutory references are to the Penal Code.

voluntary manslaughter, and was sentenced to a prison term of eight years. Less than two months after his release from prison on parole in 1992, Rodriguez and a confederate tried to rob someone and, in the attempt, ripped off the victim's earlobe. Rodriguez was convicted of attempted second degree robbery and sentenced to prison for six years four months. He was released on parole again in 1995. (*Rodriguez I*, *supra*.)

Two months after his release from prison, Rodriguez was arrested after he beat up his girlfriend outside a police station to prevent her from entering the station. He was convicted of inflicting corporal injury on a spouse or cohabitant and placed on probation for 36 months on the condition he serve a jail term. Shortly after his release in 1996, however, he was arrested again, this time for committing forcible sexual penetration with a foreign object on a minor (who was intoxicated). The court returned Rodriguez to prison for violating the terms of his parole for his voluntary manslaughter conviction. (*Rodriguez I*, *supra*.)

B. *Rodriguez Commits Another Crime and Is Sentenced Under the Three Strikes Law*

On April 13, 1998 Rodriguez and two confederates stole items from a department store. A jury convicted Rodriguez of petty theft with a prior theft-related conviction, and the court found true allegations he had three prior serious felony convictions: the 1981 robbery conviction, the 1988 voluntary manslaughter conviction, and the 1992 attempted robbery conviction. The court sentenced Rodriguez to a prison term of 25 years to life under the three strikes law. (§§ 667, subds. (b)-(i), 1170.12.)

C.    *Rodriguez Violates the Rules in Prison*

By January 2015 Rodriguez had received over 18 Rules Violation Reports (RVRs) for serious violations of prison rules and regulations,[2] ranging from violence against correctional officers and other inmates and the manufacture or possession of contraband (such as alcohol) to disobedience and other misconduct.  (*Rodriguez I*, *supra*.)  In 2017 Rodriguez received another RVR for taking a shower on a day he was not authorized to do so, after a correctional officer told Rodriguez it was not his shower day.

D.    *Rodriguez Participates in Some Rehabilitative Programs*

Rodriguez started participating in rehabilitative programs in 2016.  He began an educational and self-improvement course, completed a program titled Alternatives to Violence and an anger management program, and participated in a self-help support group and a bible group.  Rodriguez also attended adult school, wrote a letter of support and guidance to a youth group, completed a victim awareness course, and attended Alcoholics Anonymous/Narcotics Anonymous meetings.  In addition,

---

[2]    "[A]n RVR is issued for a serious rules violation.  The California Code of Regulations gives a non-exhaustive list of examples of serious rules violations to include such circumstances as: use of force or violence against another person, a breach of or hazard to facility security, a serious disruption of facility operations, manufacturing a controlled substance, and willfully inciting others to commit an act of force or violence." (*Quiroz v. Horel* (N.D.Cal. 2015) 85 F.Supp.3d 1115, 1143; see Cal. Code Regs., tit. 15, §§ 3312, subd. (a)(3), 3315, subd. (a); *In re Martinez* (2012) 210 Cal.App.4th 800, 805.)

4

Rodriguez completed a conflict resolution program and workshops on domestic violence, battling impulsive behavior, and other topics.

E.   *Rodriguez Files Petitions for Resentencing*

In 2013 Rodriguez filed a petition for resentencing under Proposition 36, and in 2015 he filed a petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18).  In 2016 the superior court denied Rodriguez's petition under Proposition 47 without addressing his petition under Proposition 36.

In 2018 we affirmed the order denying Rodriguez's Proposition 47 petition, concluding the superior court did not abuse its discretion in ruling Rodriguez posed an unreasonable risk of danger to public safety.  We also held the superior court's failure to rule on Rodriguez's Proposition 36 petition was harmless because the superior court's finding Rodriguez posed an unreasonable risk of danger to public safety under Proposition 47 necessarily satisfied the broader standard of dangerousness under Proposition 36.  (*Rodriguez I*, *supra*.)

F.   *The Superior Court Rules on Rodriguez's Proposition 36 Petition*

On April 12, 2019 the superior court issued an order to show cause regarding whether Rodriguez's petition under Proposition 36 should be dismissed or set for a hearing.  In response, the People, pursuant to the new district attorney's policy on resentencing, conceded Rodriguez was eligible and (contrary to their prior position) suitable for resentencing.

The superior court, after considering the original and additional evidence submitted by the parties, denied Rodriguez's Proposition 36 petition, finding Rodriguez posed an unreasonable risk of danger to public safety under section 1170.126, subdivisions (f) and (g). The court stated it had considered Rodriguez's entire criminal history and his conduct in prison, including his most recent prison conduct. The court found that Rodriguez's "relatively recent misconduct, considered in conjunction with the 18 serious RVR's noted in the court's previous order, continues to provide evidence of current dangerousness." Rejecting Rodriguez's argument that his 2017 prison rule violation was not indicative of current dangerousness, the court found even such "minor misconduct indicates that [Rodriguez] is either unable or unwilling to conform to the requirements of the law and may provide evidence that [Rodriguez] is a current danger to public safety." Finally, the court found Rodriguez's recent rehabilitative programming, "while encouraging, is not sufficient to cause the court to effectively reverse its previous order, . . . especially in light of [Rodriguez's] continued misconduct in prison and past misconduct as indicated in the court's 2016 order." Rodriguez filed a timely notice of appeal from the order denying his petition under Proposition 36.

# DISCUSSION

A. *Proposition 36*

Proposition 36 authorizes an inmate currently serving an indeterminate prison term under the three strikes law to petition the court for resentencing. (§ 1170.126, subds. (a), (b); *People v. Perez* (2018) 4 Cal.5th 1055, 1062; *People v. Stewart* (2021) 66 Cal.App.5th 416, 425.) When a defendant petitions for resentencing under Proposition 36, "the trial court 'shall determine whether the petitioner satisfies the criteria' for resentencing eligibility, including whether the petitioner's third strike offense was neither serious nor violent." (*Perez*, at p. 1062; see § 1170.126, subds. (e), (f); *People v. Estrada* (2017) 3 Cal.5th 661, 666 [Proposition 36 "amended the Penal Code to permit recall of sentence for some inmates sentenced for third strike offenses that were neither serious nor violent felonies"].)

The court must resentence an eligible petitioner under Proposition 36 "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*People v. Perez*, *supra*, 4 Cal.5th at p. 1059; see *People v. Strother* (2021) 72 Cal.App.5th 563, 570.) In exercising its discretion in determining whether resentencing the petitioner would pose an unreasonable risk of danger to public safety, the resentencing court may consider (1) the petitioner's "criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes"; (2) the petitioner's "disciplinary record and record of rehabilitation while incarcerated"; and (3) any other evidence the

7

court deems relevant. (§ 1170.126, subd. (g); see *People* v. *Frierson* (2017) 4 Cal.5th 225, 231.)

We review a superior court's ruling on a Proposition 36 petition, including a dangerousness finding under section 1170.126, subdivision (f), for abuse of discretion. (*People v. Strother, supra,* 72 Cal.App.5th at p. 571; *People v. Jefferson* (2016) 1 Cal.App.5th 235, 242.) The "burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." (*Strother,* at p. 571, internal quotation marks omitted.)

B. *The Superior Court Did Not Abuse Its Discretion in Ruling That Resentencing Rodriguez Would Pose an Unreasonable Risk of Danger to Public Safety*

Rodriguez contends that, during his most recent several years in prison, he has participated in various rehabilitative programs and has only received one RVR for violating a prison rule (the unauthorized-shower incident). According to Rodriguez, the superior court abused its discretion in ruling he posed an unreasonable risk of danger to the public because, in the past five years, he had only the one "minor rule violation." He also argues that he has been in prison for 24 years and that, now that he is 63 years old, he has "grown even older and pose[s] even less of a risk of re-offending." The superior court, however, did not abuse its discretion in ruling Rodriguez posed an unreasonable risk of danger to the public.

Rodriguez's extensive criminal history included committing violent crimes and using firearms and other dangerous or deadly weapons, often soon after his release from prison. (See § 1170.126, subd. (g)(1) [court may consider "the type of crimes

8

committed" by the petitioner].)  For example, Rodriguez killed one victim by stabbing him in the eye and, in the course of robbing another victim, used enough force to tear off his victim's earlobe.  Later, during one of his (brief) prison interregna, he attacked his girlfriend by repeatedly hitting and kicking her to prevent her from entering a police station.  Then, while on parole (again), he sexually assaulted an intoxicated teenage girl.[3]  The superior court properly considered the violent manner in which Rodriguez committed these crimes.  The court also properly considered the injuries Rodriguez inflicted on his victims, including death; disfigurement; corporal injury on his girlfriend's face, arms, and back; and penetration of the teenage girl's vagina.  (See § 1170.126, subd. (g)(1) [court may consider "the extent of injury to victims" of the petitioner].)  And the court properly considered Rodriguez's prison sentences, which included eight years for manslaughter and six years four months for attempted robbery.  (See § 1170.126, subd. (g)(1) [court may consider "the length of prior prison commitments" of the petitioner].)

It is true, as Rodriguez argues and the People acknowledge, some of his crimes were remote.  (See § 1170.126, subd. (g)(1) [court may consider "the remoteness of the crimes" committed by the petitioner].)  But that is primarily because he has been in

---

[3]     The People initially charged Rodriguez with violating section 289, forcible sexual penetration with a foreign object on a minor.  Had the People proceeded to prosecute Rodriguez on that charge (rather than proceeding on the probation violation) and obtained a conviction, Rodriguez would have been ineligible for relief under Proposition 36.  (See §§ 667, subd. (e)(2)(C)(iv)(I), (IV), 1170.126, subd. (e)(3); Welf. & Inst. Code, § 6600, subd. (b); *People v. Hernandez* (2017) 10 Cal.App.5th 192, 196 & fn. 2; *People v. Jernigan* (2014) 227 Cal.App.4th 1198, 1204.).

prison most of his adult life and almost continuously since his 1988 voluntary manslaughter conviction. And, during the brief periods of time between incarcerations, Rodriguez was out in the public committing more crimes. The trial court did not abuse its discretion in finding that, when Rodriguez is not in prison and separated from the public, he is dangerous and commits crimes.

Just as he was unable to follow the rules of society and the laws governing public safety when he was out of prison, Rodriguez was unable to follow the rules when he was in prison, as evidenced by the numerous RVRs and other rule violations he has accumulated throughout the two decades he has been incarcerated. Rodriguez's most recent prison violation was in 2017, which occurred after the superior court denied his Proposition 47 petition, when he violated a prison rule by insisting, after a warning, on showering on a non-shower day (an RVR). Such misconduct, combined with Rodriguez's many other violations of prison rules and regulations, constituted "powerful evidence" of his "current willingness to engage in serious rule-breaking behavior" and is "probative of recidivist tendencies and the danger to public safety." (*People v. Strother*, *supra*, 72 Cal.App.5th at p. 573; see *In re Reed* (2009) 171 Cal.App.4th 1071, 1085 ["petitioner's inability to follow an express direction to comply with the rules of the institution" is evidence that, "when released, petitioner will be unable to follow society's laws"].)

Rodriguez argues he participated in rehabilitation courses to address the issues identified in the superior court's order denying his petition under Proposition 47, including programs on "anger management, alternatives to violence, and victim awareness." Participation in rehabilitative programs is a factor "the court may consider" when ruling on a Proposition 36

10

petition. (§ 1170.126, subd. (g)(1).) Participation in such programs, however, does not guarantee resentencing; other factors may outweigh such participation. (§ 1170.126 subd. (g); see *People v. Buford* (2016) 4 Cal.App.5th 886, 899 ["[t]he reasons a trial court finds resentencing would pose an unreasonable risk of danger, or its weighing of evidence showing dangerousness versus evidence showing rehabilitation, lie within the court's discretion"].) Here, the superior court acknowledged Rodriguez's participation in rehabilitative programs, but ruled such recent efforts did not outweigh other factors that indicated he was dangerous, including his criminal history and years of prison misconduct. The superior court did not abuse its discretion in considering and weighing these factors. (§ 1170.126 subd. (g); see *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1329 ["the court may consider a broad range of evidence"].)[4]

---

[4] Rodriguez asserts the superior court's failure "to properly apply state law at sentencing violates the Due Process clause of the Fourteenth Amendment and the California Constitution." Because the superior court properly applied state law, and Rodriguez does not make any other due process argument, he has not shown a due process violation. (See *People v. Strother*, *supra*, 72 Cal.App.5th at p. 578 [due process challenge to an order denying petitions under Proposition 36 and Proposition 47 failed where the petitioner did not explain "how findings that are proper under state law would violate his federal constitutional right to due process."].)

## DISPOSITION

The order is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

FEUER, J.