Filed 9/25/25  P. v. Perez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084133 |
| v. | (Super.Ct.No. FVI802609) |
| FERNANDO ERNEST PEREZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Enrique Guererro, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Fernando Ernest Perez, Jr. appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code[1] section 1170.91. We affirm.

PROCEDURAL BACKGROUND

On January 19, 2012, a jury[2] found defendant guilty of attempted home invasion robbery (§§ 664/211, count 2), home invasion robbery (§§ 211/213, subd. (a)(1)(A), count 3), burglary (§ 459, count 4), two counts of assault with a firearm (§ 245, subd. (a)(2), counts 5 and 6), and active gang participation (§ 186.22, subd. (a), count 7).[3] The jury also found true firearm enhancements under section 12022, subdivision (a), firearm enhancements under section 12022.53, subdivisions (b) and (e), and gang enhancements under section 186.22, subdivision (b)(1), on various counts.[4] The court appears to have

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Defendant mistakenly asserts that he was convicted in a bench trial. However, the record demonstrates he was convicted by a jury.

[3] This court asked for supplemental briefing to clarify the record as to whether the section 213, subdivision (a)(1)(A) allegation, which made the robbery in count 3 a home invasion robbery, was found true. Along with his brief, defendant augmented the record with copies of the jury instructions and the verdict forms. The jury instruction for Count 3 was for "home invasion robbery" and set forth the elements of a home invasion robbery. The verdict form for Count 3 states that the jury found defendant "guilty of the offense of HOME INVASION ROBBERY of Brandon Blount in violation of Penal Code section 211 and 213 as charged in Count 3 of the information." The verdict forms also showed the jury found true the special allegation that Count 3 was committed for the benefit of a criminal street gang, within the meaning of section 186.22, subdivision (b)(1).

[4] There appear to be some discrepancies in the record. The second amended information indicates that, as to counts 2 and 3, it was alleged "pursuant to section 186.22(b)(1) and (4)" that those offenses were committed for the benefit of a criminal street gang. The January 19, 2012 minute order reflects the jury found true the

*[footnote continued on next page]*

subsequently found true the allegations that defendant had a prior strike conviction (§§ 667, subds. (b)-(i) and 1170.12) and a serious prior felony conviction (§ 667, subd. (a)).[5]

On March 16, 2012, the court sentenced defendant to a total term of 50 years to life, which included 30 years to life on count 3 (the principal count), consisting of 15 years to life for the home invasion robbery, pursuant to section 186.22, subdivision (b)(4)(B), doubled because of defendant's prior strike.[6]

On November 22, 2019, upon receipt and review of a letter from the California Department of Corrections and Rehabilitation, the court resentenced defendant to a total term of 48 years to life and ordered the abstract to be amended.[7]

---

allegations under section 186.22, subdivision (b)(1), and that the court ordered "allegation SI --186.22(B)(4)" in counts 2 and 3 stricken. The People assert the minute order mistakenly says the court struck the section 186.22, subdivision (b)(4)(B) allegation on count 3. We agree. (see footnote 6, *post*)

[5] The record indicates there was a court trial scheduled on the prior conviction allegations for January 20, 2012. The record does not include the minute order or reporter's transcript from that hearing; however, the abstract of judgment indicates there was a true finding on a prior serious felony (§ 667, subd. (a)) and a prior strike conviction (§§ 667, subd. (b)-(i) & 1170.12).

[6] Defendant attached an excerpt of the reporter's transcript from the sentencing hearing to his motion for resentencing under section 1170.91. The reporter's transcript shows that the court sentenced defendant to 30 years to life, consisting of 15 years to life for home invasion robbery in count 3, pursuant to section 186.22, subdivision (b)(4)(B), doubled because of defendant's prior strike. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zachery* (2007) 147 Cal.App.4th 380, 385.) The oral pronouncement clearly shows the court relied on section 186.22, subdivision (b)(4)(B). We further note defendant does not dispute that the court sentenced him pursuant to section 186.22, subdivision (b)(4)(B) or argue that it erred in doing so.

[7] We note the abstract of judgment was amended several times. We express no opinion on any other potential discrepancies, aside from that noted in footnote 4, *ante*.

On January 29, 2024, defendant filed a motion for resentencing under section 1170.91, alleging that he was a member of the United States military who was suffering from posttraumatic stress disorder (PTSD) and that he became addicted to drugs, as a result of his military service. He alleged that the court, at his original sentencing hearing, did not consider his military service as a mitigating factor, and he should therefore be resentenced.

The court held a hearing on defendant's motion on April 26, 2024. Defendant did not appear but was represented by counsel. The prosecution argued that defendant was not eligible for resentencing under section 1170.91, since section 1170.91, subdivision (c), stated this section did not apply to persons having a conviction specified in section 667, subdivision (e)(2)(C)(iv). The prosecution contended defendant was excluded "based on his commitment offense as well as his prior." Defense counsel simply asked the court to grant a reduction in defendant's sentence and "take into consideration his military history." The court concluded that defendant was not eligible for resentencing under section 1170.91, subdivision (c), and therefore denied his request.

DISCUSSION

I. The Court Properly Concluded Defendant Was Ineligible for Relief

Defendant argues the trial court erred in concluding he was ineligible for relief under section 1170.91. He asserts that none of his offenses required him to register as a sex offender, and none of his convictions were included in the list of super strikes in section 667, subdivision (e)(2)(C)(iv); thus, he was eligible for resentencing. The People

4

contend that defendant's gang-related home invasion robbery conviction in count 3 qualified as a super strike because it was a violent felony, punishable by life in prison pursuant to section 186.22, subdivision (b)(4)(B).  We agree with the People.

A.  *Standard of Review*

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  Thus, in determining the meaning of the phrase "[a]ny serious or violent felony offense punishable in California by life imprisonment or death" (§ 667, subd. (e)(2)(C)(iv)(VIII)), an issue of statutory interpretation, we apply de novo review.  (See *People v. Sherman* (2023) 91 Cal.App.5th 325, 329 (*Sherman*).)

B.  *Relevant Law*

As originally enacted in 2014, former section 1170.91 "merely required courts to consider as a mitigating factor for determinate sentencing certain specified qualifying conditions the defendant may be suffering as a result of his or her military service — sexual trauma, traumatic brain injury, posttraumatic stress disorder, substance abuse, or mental health problems."  (*Sherman*, *supra*, 91 Cal.App.5th at p. 329.)

"In 2018, the Legislature amended section 1170.91 to allow those sentenced for a felony conviction before January 1, 2015, to petition for a resentencing hearing at which the court could consider mitigating factors related to military service."  (*People v. Estrada* (2020) 58 Cal.App.5th 839, 841.)

In 2022, the Legislature amended section 1170.91 again, in ways that "both expanded and restricted eligibility for relief." (*Sherman*, *supra*, 91 Cal.App.5th at p. 330.) As relevant to this appeal, the Legislature restricted resentencing eligibility by adding subdivision (c) to section 1170.91, effective January 1, 2023. (*Ibid*.) This subdivision provides that section 1170.91 "does not apply to a person convicted of, or having one or more prior convictions for, an offense specified in" section 667, subdivision (e)(2)(C)(iv). (§ 1170.91, subd. (c).) The offenses specified in section 667, subdivision (e)(2)(C)(iv), otherwise known as super strikes, include "[a]ny serious or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(VIII); see *People v. Strother* (2021) 72 Cal.App.5th 563, 570.)

C. *Defendant is Ineligible for Relief*

"We begin with the ordinary meaning of the phrase 'offense punishable in California by life imprisonment' as used in section 667, subdivision (e)(2)(C)(iv)(VIII). The word 'offense' generally refers to a criminal act. By using the term 'offense punishable . . . by life imprisonment,' section 667, subdivision (e)(2)(C)(iv)(VIII) focuses on the offense and its associated statutory punishment." (*People v. Hernandez* (2017) 10 Cal.App.5th 192, 199 (*Hernandez*).)

Pertinent here is section 186.22, subdivision (b), which imposes greater punishment when a crime is committed "for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (§ 186.22, subd. (b)(1).) "Most

6

felonies committed to benefit a criminal street gang are subject to an additional prison term of two, three, or four years, at the trial court's discretion. (§ 186.22, subd. (b)(1)(A).) If the underlying crime is a serious felony, the additional term is five years (§ 186.22, subd. (b)(1)(B)); if the underlying felony is a violent felony, the additional term is 10 years (§ 186.22., subd. (b)(1)(C))." (*People v. Jones* (2009) 47 Cal.4th 566, 571 (*Jones*).) If the felony committed to benefit a criminal street gang is a home invasion robbery (the crime committed here), the sentence is "an indeterminate term of life imprisonment with a minimum term of . . . [¶] (B) [i]mprisonment in the state prison for 15 years . . . ." (§ 186.22, subd. (b)(4)(B); see *Jones*, *supra*, 47 Cal.4th at p. 571.)

In *Jones*, *supra*, 47 Cal.4th 566, after a bench trial, a court found the defendant guilty of shooting at an inhabited dwelling. (§ 246.) It also found that he committed the crime to benefit a criminal street gang (§ 186.22, subd. (b)(4)), and that in its commission he personally used a firearm (§ 12022.5) and personally and intentionally discharged a firearm (§ 12022.53(c)). (*Jones*, *supra*, 47 Cal.4th at p. 569.) The issue in *Jones* was whether the defendant committed a "felony punishable by . . . imprisonment . . . for life" (§ 12022.53, subd. (a)(17)) for his offense, thus triggering application of a 20-year sentence enhancement under section 12022.53, subdivision (c). (*Ibid.*) The *Jones* court noted that "a violation of section 246 (shooting at an inhabited dwelling) by itself carries a maximum prison sentence of seven years. But when, as in this case, the crime is committed to benefit a criminal street gang, the provision that comes into play is section

7

186.22(b)(4), which calls for a term of life imprisonment (with a minimum parole eligibility of 15 years)." (*Jones*, *supra*, 47 Cal.4th at p. 575.)

The Supreme Court stated that "section 186.22, subdivision (b)(4) is a penalty provision." (*Jones, supra,* 47 Cal.4th at p. 576.) It explained that "[a] penalty provision 'sets forth an *alternate* penalty for the underlying felony itself, when the jury has determined that the defendant has satisfied the conditions specified in the statute.'" (*Ibid.*, citing *People v. Jefferson* (1999) 21 Cal.4th 86.) "In *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, the Supreme Court held that another subdivision of the same statute (§ 186.22, subd. (d)) was a penalty provision, explaining: 'Section 186.22(d) is not a sentence enhancement because it does not add an ad[]ditional term of imprisonment to the base term; instead, it provides for an alternate sentence when it is proven that the underlying offense has been committed for the benefit of, or in association with, a criminal street gang." (*Jones*, *supra*, 47 Cal.4th at p. 576.) The Supreme Court in *Jones* held, "This is also true of section 186.22(b)(4), the provision at issue here." (*Ibid.*; see *People v. Briceno* (2004) 34 Cal.4th 451, 460, fn. 7 [§ 186.22(b)(4) "is an alternate penalty provision that provides for an indeterminate life sentence for certain underlying felony offenses that are gang related"].)

The *Jones* court stated that "[the] defendant's life sentence was imposed under section 186.22(b)(4), which sets forth the *penalty for the underlying felony* under specified conditions." (*Jones*, *supra*, 47 Cal.4th at p. 577.) It thereby concluded that "[the] defendant committed the felony of shooting at an inhabited dwelling (§ 246), he

8

personally and intentionally discharged a firearm in the commission of that felony (§ 12022.53(c)), and because the felony was committed to benefit a criminal street gang, it was punishable by life imprisonment (§ 186.22(b)(4)). Thus, imposition of the 20-year sentence enhancement of section 12022.53(c) was proper." (*Id*. at p. 578.)

In the instant case, defendant requested resentencing under section 1170.91; however, that section does not apply to a person convicted of an offense specified in section 667, subdivision (e)(2)(C)(iv). (§ 1170.91, subd. (c).) The offenses specified in section 667, subdivision (e)(2)(C)(iv) include "[a]ny serious or violent felony offense punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(VIII).) Defendant was convicted in count 3 of home invasion robbery, and because it was committed to benefit a criminal street gang, the penalty for it was 15 years to life, pursuant to section 186.22, subdivision (b)(4)(B). (See *Jones*, *supra*, 47 Cal.4th at pp. 576-578.) The court thus sentenced him to 15 years to life on count 3 (doubled pursuant to his prior strike conviction). Because defendant's home invasion robbery was punishable by life imprisonment under section 186.22, subdivision (b)(4)(B), the court properly denied his request for resentencing under section 1170.91, subdivision (c).

In his reply brief, defendant argues that the Legislature did not intend to exclude from eligibility for relief under section 1170.91 those who were sentenced to life "because of an enhancement or alternate penalty provision." In support of his position, he cites *Hernandez*, *supra*, 10 Cal.App.5th at pp. 199-203. However, *Hernandez* is inapposite. In that case, the defendant filed a petition for resentencing pursuant to section

9

1170.18, subdivision (a), seeking to have his conviction of petty theft with a prior reduced to a misdemeanor.  (*Id*. at p. 197.)  The trial court denied his petition under section 1170.18, subdivision (i)[8], concluding, in part, that "'as a result of the Three Strikes law,' defendant's robbery conviction was a conviction for an offense 'punishable by life imprisonment.'"  (*Ibid*.)

The issue on appeal in *Hernandez* was "whether an offense itself must be punishable by an indeterminate life term in order to qualify as an 'offense punishable in California by life imprisonment or death' under section 667, subdivision (e)(2)(C)(iv)(VIII), or whether an offense is 'punishable in California by life imprisonment or death' if it is punishable by an indeterminate life term in the particular case, i.e., due to application of the Three Strikes law."  (*Hernandez, supra*, 10 Cal.App.5th at p. 198.)  The appellate court reversed the trial court's order denying defendant's petition, concluding the defendant "was not disqualified from resentencing under section 1170.18, subdivision (i) by virtue of the fact that his robbery conviction was punished by an indeterminate life term under the Three Strikes law, since robbery *itself* is not '[a] serious and/or violent felony offense punishable in California by life imprisonment or death' under section 667, subdivision (e)(2)(C)(iv)(VIII)."  (*Id*. at p. 204, italics added.)

---

[8] Section 1170.18, subdivision (i) excluded from relief persons who had one or more prior convictions specified in section 667, subdivision (e)(2)(C)(iv).

10

Here, defendant argues that "[t]he Legislature was presumably aware of the interpretation of section 667, subdivision (e)(2)(C)(iv)(VIII) in *People v. Hernandez* when it added subdivision (c) to section 1170.91" However, *Hernandez* interpreted section 667, subdivision (e)(2)(C)(iv)(VIII) in the context of the defendant receiving life imprisonment under the Three Strikes law, which has nothing to do with the instant case. Moreover, *Hernandez* actually affirms our conclusion, as the court explained that "[b]y using the term 'offense punishable . . . by life imprisonment,' section 667, subdivision (e)(2)(C)(iv)(VIII) focuses on the offense and its associated statutory punishment." (*Hernandez*, *supra*, 10 Cal.App.5th at p. 199.) As discussed *ante*, the offense here was home invasion robbery, and its associated statutory punishment was 15 years to life in state prison. (§ 186.22(b)(4)(B).)

Furthermore, *Hernandez* is clearly distinguishable from the instant case in that the robbery conviction in that case was punishable by an indeterminate life term due to application of the Three Strikes law (i.e., because of prior convictions unrelated to the current offense). In the instant case, defendant's offense was punishable by life imprisonment "for the underlying felony itself," that being, home invasion robbery (§§ 211/213 (a)(1)(A)) committed for the benefit of, at the direction of, or in association with a criminal street gang, under section 186.22, subdivision (b)(4)(B). (*Jones, supra,* 47 Cal.4th at p. 576.)

11

In sum, the court properly found defendant ineligible for relief under section 1170.91, subdivision (c), since his offense was punishable by life imprisonment. (§§ 667, subd. (e)(2)(C)(iv)(VIII) & 1170.91, subd. (c).)

## II. The Court's Order Did Not Violate Defendant's Due Process Rights

Defendant claims the trial court's order summarily denying his petition violated his "due process right to be properly sentenced according to California law." He asserts that he had a due process right to have his PTSD considered in mitigation of his sentence, pursuant to section 1170.91. We see no due process violation.

Section 1170.91, subdivision (b)(3) provides: "Upon receiving a petition under this subdivision, the court shall determine, at a public hearing held . . . whether the person satisfies the criteria in this subdivision. At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria, the court may, in the interest of justice, and regardless of whether the original sentence was imposed after a trial or plea, . . . [¶] (A) Reduce the defendant's term of imprisonment by modifying the sentence."

Here, the court held a hearing in accordance with section 1170.91, subdivision (b)(3), at which the prosecution and the defense had an opportunity to be heard. As discussed *ante*, the court properly found defendant ineligible for resentencing under section 1170.91, subdivision (c). (See § I., *ante*.) There was no due process violation.

<u>DISPOSITION</u>

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>FIELDS</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>MILLER</u>
J.